**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
04/27/2021

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | Chapter 11 |
| | § | |
| Debtor.[1] | § | |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF COLLET &**
**ASSOCIATES LLC INVESTMENT BANKER, EFFECTIVES AS OF MARCH 6, 2021,**
**(II) WAIVING CERTAIN TIME KEEPING REQUIREMENTS,**
**AND (III) GRANTING RELATED RELIEF**
[Relates to Dkt. No. 346]

Upon consideration of the application (the "Application")[2] of the above-captioned debtor

and debtor in possession (the "Debtor") for entry of an order (this "Order") (i) authorizing and

approving the employment and retention of Collet & Associates LLC ("Collet & Associates") to

serve as an investment banker to the Debtor, effective as of March 6, 2021; (ii) approving the terms

of the indemnification, contribution, reimbursement, and related provisions set forth in the

Indemnification Letter; (iii) approving the modification of compliance with certain requirements

regarding time entry detail; and (iv) granting related relief pursuant to sections 327(a) and 328(a)

of title 11 of the United States Code (the "Bankruptcy Code"), as more fully set forth in the

Application; and upon the Collet Declaration; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant

to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent

with Article III of the United States Constitution; and this Court having found that venue of this

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729).  Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos.  The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

[2] Capitalized terms used and not defined herein have the meanings ascribed to them in the Application.

proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      In accordance with sections 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtor is authorized to retain Collet & Associates as its investment banker, effective as of March 9, 2021, under the terms and conditions set forth in the Engagement Letter and the Indemnification Letter, as modified by this Order.

2.      The Debtor shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Indemnification Letter and will indemnify and hold harmless Collet & Associates pursuant to the Engagement Letter, subject, during the pendency of this chapter 11 case, to the following:

   a. No Indemnified Person shall be entitled to indemnification, contribution or reimbursement pursuant to the Indemnification Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

   b. The Debtor shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from such Indemnified Person gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtor alleges the breach of Collet & Associates' contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would

be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Letter as modified by this Order; and

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this chapter 11 case, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Indemnification Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Collet & Associates must file an application therefor in this Court, and the Debtor may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Collet & Associates and the other Indemnified Persons for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution or reimbursement.

3.      Notwithstanding anything to the contrary in this Order, the U.S. Trustee and the Court shall retain the right and be entitled to object to Collet's fees and expenses in this case based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and this Order shall not prejudice or otherwise affect the rights of the U.S. Trustee or the Court to challenge the reasonableness of Collet & Associates' compensation and reimbursement requests in this case under Bankruptcy Code sections 330 and 331. ~~Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee or the Court on appeal or otherwise with respect to the reasonableness of Collet's compensation and reimbursement requests in this case.~~

4.      Collet & Associates shall file monthly fee statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.  Collet & Associates is hereby authorized to keep reasonably detailed time records in  ten minute (.10)  increments, and shall not be required to keep time records on a "project category" basis or conform to any schedules of hourly rates, and will submit, with any interim or final fee application, together with the time records, a narrative summary of services rendered and will identify each professional rendering services and the total amount of compensation requested by Collet.

5.      In the event that, during the pendency of these cases, Collet seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys, appropriately redacted to preserve applicable privileges, shall be included in Collet's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, ~~and shall be subject to the U.S. Trustee Guidelines~~ and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; *provided, however*, that Collet shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Collet's fee applications in these bankruptcy cases.


6.      Collet & Associates will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Collet & Associates will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

7.      Collet & Associates shall use reasonable efforts and will coordinate with the Debtor and its other retained professionals, not to duplicate any of the services provided to the Debtor by any of its other retained professionals.

8.      Notwithstanding the Application, Engagement Letter, or the Indemnification Letter, to the extent the Debtor wishes to expand the scope of Collet's services beyond those services set forth in the Application, Engagement Letter, or Indemnification Letter, the Debtor shall be required to seek further approval from this Court.

9.      Notwithstanding anything in the Application, the Collet Declaration, or the Engagement Letter to the contrary, Collet & Associates shall (i) to the extent that Collet & Associates uses the services of independent contractors or subcontractors (collectively, the "Contractors") in this case, Collet & Associates shall pass-through the cost of such Contractors to the Debtor at the same rate that Collet & Associates pays the Contractors, (ii) seek reimbursement for actual costs only, (iii) ensure that the Contractors are subject to the same conflict checks as required for Collet & Associates, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

10.     To the extent that there is any inconsistency between the terms of the Application, the Collet Declaration, the Engagement Letter, and this Retention Order, the terms of this Retention Order shall govern.

11.     Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry

13.     The Debtor is authorized to take all action necessary to effectuate the relief granted in this Order.

14.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  April 27, 2021.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**