IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | Chapter 11 |
| | § | |
| Debtor.[1] | § | |

**AGREED MOTION FOR ENTRY OF ORDER CONDITIONING AND MODIFYING
THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)**

NOTICE UNDER LOCAL RULE 4001-1

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

4843-3455-8693.6

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Brazos Electric Power Cooperative, Inc. (the "**Debtor**" or "**Brazos**") files this *Agreed Motion for Entry of Order Conditioning and Modifying the Automatic Stay Under 11 U.S.C. § 362(d)* (the "**Motion**"), and in support thereof, respectfully state as follows:

## I.
## Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in this case and over the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Local Rules**").

## II.
## Background

4. In the ordinary course of its business, Brazos acquires certain real property to provide necessary infrastructure through condemnation proceedings. Prior to the Petition Date, Brazos determined it was necessary to acquire real property to add to its existing electric substation known as the Capps Corner Substation in Montague County. Brazos sought to acquire 0.845 acres in fee simple from Eric W. Dennis and Angie Dennis ("**Owners**"), the owners for the substation addition. Brazos retained an appraiser, who determined the value of the .845 acres was $33,737. Pursuant to Sections 21.0111 – 21.0113 of the Texas Property Code, Brazos made both an initial and final offer to the Owners, offering the appraised value of $33,737 to acquire the 0.845 acres.

After attempting to negotiate in good faith with the Owners, the parties were unable to reach an agreement.

5. On April 21, 2020, Brazos commenced condemnation proceedings pursuant to Section 21.012 of the Texas Property Code by filing the Petition for Condemnation in the 97th District Court of Montague County, Texas (the "**Condemnation Proceeding**"). Pursuant to Section 21.014 of the Texas Property Code, the court appointed three local landowners to serve as Special Commissioners and preside over an administrative proceeding, called a Special Commissioners' Hearing. The Special Commissioners' hearing was originally[2] scheduled for May 4, 2021 (the "**Commissioners' Hearing**"), by mutual agreement of the parties.

6. At the Commissioners' Hearing, the Special Commissioners will listen to the evidence presented and determine the compensation owed to the Owners for the acquisition by entering their decision in writing, called an "Award." Brazos intends to present evidence, through the appraiser, that the acquisition is valued at $33,737. The Owners may also present evidence of the value of the acquisition, but Brazos has not yet been provided notice of such valuation.

7. After the Commissioners' Hearing, the Award is filed with the court and served on all of the parties. If any of the parties are dissatisfied with the amount of the Award, formal objections can be filed with the court within the time designated in Section 21.018 of the Texas Property Code. If a party timely objects to the Award, the court will hear the case in the same manner that other civil cases are heard, with discovery, depositions, and trial by judge or jury. If no party timely objects to the Award, the court will adopt the Award as the final judgment and the case will be final.

---

[2] Due to the notice period required for this motion, the Commissionors' Hearing is being rescheduled.

8. After the Award is filed with the court, Brazos may take possession of the property being condemned by depositing the amount of the Award into the registry of the court and post applicable bonds required by Section 21.021 of the Texas Property Code. The Owners have the right to withdraw the Award, even if objections are filed. The amount of the Award will be deducted from the amount of the final judgment. If the Award is more than the final judgment amount, then the Owners must refund the difference to Brazos.

### III.
### Relief Requested

9. As the plaintiff in the Condemnation Proceeding, the automatic stay of 11 U.S.C. § 362(a) is inapplicable as to Brazos. Out of an abundance of caution, however, because the result of the Condemnation Proceeding will be Brazos' acquisition of the Owners' property and payment to the Owners pursuant to the Award, the Parties determined that obtaining relief from the automatic stay was warranted, again out of an abundance of caution, and to likewise resolve any issues as to the jurisdiction of the State Courts to resolve this matter.

10. By this Motion, Brazos respectfully requests that the Court sign and enter the order attached hereto (the "**Order**") providing for the automatic lifting of the automatic stay, to the extent applicable, to allow the Condemnation Proceeding to proceed in the ordinary course of business, including allowing Brazos to pay the Award and otherwise acknowledging the State Court's jurisdiction. It is critical that Brazos continue the condemnation process as provided by applicable Texas law in order to support the necessary infrastructure to fulfill its generation and transmission obligations to its member cooperatives. Moreover, any Award on this matter will be relatively *de minimis* and is otherwise within the Debtor's authorized cash collateral budget.

WHEREFORE, Brazos respectfully requests that the Court enter the Order in the form attached hereto, and grant such other and further relief as the Court deems just and proper.

Dated: April 26, 2021                    Respectfully submitted,

                              **FOLEY & LARDNER LLP**

                              */s/ Michael K. Riordan*

Holland N. O'Neil
State Bar No. 14864700
Telephone: 214-999-4961
Email: honeil@foley.com
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201

-and-

Michael K. Riordan
State Bar No. 24070502
1000 Louisiana, Suite 2000
Houston, Texas 77002-5011
Telephone: 713-276-5178
Email: mriordan@foley.com

**SPECIAL COUNSEL AND CONFLICTS COUNSEL TO THE DEBTOR**

## CERTIFICATE OF CONFERENCE

I hereby certify that Brazos conferred with counsel for the Owners, Mr. William Knowlton, and he consents to the relief requested.

/s Michael K. Riordan
Michael K. Riordan

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021, a true and correct copy of the foregoing *Agreed Motion for Entry of Order Conditioning and Modifying of the Automatic Stay Under 11 U.S.C. § 362* was served upon all parties entitled to receive service through the Court's ECF system.

/s Michael K. Riordan
Michael K. Riordan