**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
05/05/2021

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-30725  (DRJ) |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | Chapter 11 |
| | § | |
| Debtor.[1] | § | |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9) REQUESTS, (IV) APPROVING NOTICE OF BAR DATES, AND (V) GRANTING RELATED RELIEF**
[RELATES TO DKT. NO. 348]

Upon consideration of the motion (the "Motion")[2] filed by the above-captioned Debtor for entry of an order (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in this chapter 11 case, (b) establishing the Rejection Damages Bar Date and the Amended Schedules Bar Date, (c) approving the procedures for filing Proofs of Claim, including any section 503(b)(9) requests for payment, (d) approving notice of the Bar Dates, and (e) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729).  Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos.  The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

[2] All capitalized terms not defined herein shall have the meaning provided in the Motion.

the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:[3]

1.      Each entity that asserts a claim against the Debtor that arose (or is deemed to have arisen) before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form").[4] Except in the cases of tort claimants, governmental units, and certain other exceptions explicitly set forth herein, *all Proofs of Claim must be filed so that they are actually received on or before June 15, 2021 (the "General Claims Bar Date"), at the address and in the form set forth herein.* The General Claims Bar Date applies to all types of claims against the Debtor that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in the Motion or this Bar Date Order.

2.      Each tort claimant that asserts a tort claim that arose (or is deemed to have arisen) before the Petition Date must file a Proof of Claim, *so that it is actually received on or before August 5, 2021 (the "Tort Claims Bar Date"), at the address and in the form set forth herein.*

---

[3] Except as otherwise defined herein and in the Motion, all terms used herein and specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.

[4] Copies of the Proof of Claim Form may be obtained by: (a) calling the Debtor's restructuring hotline at 855.529.1663 (toll-free) or 949.771.2210 (international); or (b) visiting the Debtor's restructuring website at: https://cases.stretto.com/brazos.

3.     Each governmental unit that asserts a claim (whether secured, unsecured priority, or unsecured non-priority) that arose (or is deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file a Proof of Claim, including any claim for unpaid taxes, whether such claim arises from prepetition tax years or periods or prepetition transactions to which the Debtor was a party, *so that it is actually received on or before September 3, 2021 (the "Governmental Bar Date"), at the address and in the form set forth herein.*

4.     Unless otherwise ordered, each entity asserting a claim arising from the Debtor's rejection of executory contracts and unexpired leases shall file a Proof of Claim on account of such rejection by the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days following entry of the order approving the Debtor's rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date").

5.     If the Debtor amends the Schedules after having given notice of the Bar Dates, the Debtor shall give notice by first-class mail of any amendment to holders of claims affected thereby, and, except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the General Claims Bar Date, the Tort Claims Bar Date, or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days from the date the notice of the Schedule amendment is mailed (the "Amended Schedules Bar Date", and together with the General Claims Bar Date, the Tort Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates").

6.      All Proofs of Claim must be filed so as to be actually received by the Claims Agent on or before the applicable Bar Date. If Proofs of Claim are not actually received by the Claims Agent on or before the applicable Bar Date, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be forever barred from asserting such claims against the Debtor and precluded from voting on any plan of reorganization filed in this chapter 11 case and/or receiving distributions from the Debtor on account of such claims in this chapter 11 case.

7.      The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the applicable Bar Date:

    a.      The U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

    b.      any entity that already has filed a signed Proof of Claim against the Debtor with the Claims Agent in a form substantially similar to Official Form 410;

    c.      any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtor as any of "disputed," "contingent," or "unliquidated;" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

    d.      any entity whose claim has previously been allowed by a final order of the Court;

    e.      any entity whose claim is solely against any non-Debtor affiliates;

    f.      any entity whose claim has been paid by the Debtor pursuant to a Court order;

    g.      a current employee of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided that* a current employee must submit a Proof of Claim by the General Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

    h.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

i.       any entity holding a claim for which a separate deadline is fixed by this Court; and

j.       any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided that* any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date.

8.       The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.       *Contents.* Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form attached hereto as **Exhibit 1**; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.       *Section 503(b)(9) Claim.* Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c.       *Electronic Signatures Permitted.* Only original Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.       *Supporting Documentation.* Each non-tort claimant Proof of Claim must include supporting documentation, to the extent required by Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided however* that such information must be made available on request by the Debtor, Committee or U.S. Trustee. Each tort claimant Proof of Claim must attach a signed statement setting forth a basis for the claim and nature of the injury.

e.       *Timely Service.* Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public

Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims Agent's website at https:// https://cases.stretto.com/brazos or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be actually received by the Claims Agent on or before the applicable Bar Date, at the following address:

> Brazos Electric Power Cooperative, Inc., Claims Processing
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

Proofs of Claim will be deemed filed when filing via PACER is completed or when actually received by the Claims Agent. Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a claim is submitted by one of the methods described above.

f.   *Receipt of Service*. Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims Agent must submit (i) a copy of the Proof of Claim (in addition to the original Proof of Claim sent to the Claims Agent) and (ii) a self-addressed, stamped envelope.

9.   The Debtor shall mail notice of the Bar Dates only to its known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtor's books and records at such time.

10.   No later than five (5) business days after entry of this Bar Date Order, the Debtor shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice") and a Proof of Claim Form (together, the "Bar Date Package") to be posted prominently on the website maintained by the Claims Agent and mailed via first class mail to the following entities:

a.   the U.S. Trustee;

b.   all creditors and other known holders of claims against the Debtor as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtor;

c.   all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Date Order;

d.      all entities that have filed Proofs of Claim in this chapter 11 case as of the date of the Bar Date Order;

e.      all entities who are party to executory contracts and unexpired leases with the Debtor;

f.      all entities who are party to litigation with the Debtor;

g.      all regulatory authorities that regulate the Debtor's business, including environmental and permitting authorities;

h.      the Offices of the Attorney General for each of the states in which the Debtor operates;

i.      all known non-Debtor equity and interest holders of the Debtor as of the date the Bar Date Order is entered;

j.      all taxing authorities for the jurisdictions in which the Debtor maintain or conduct business;

k.      Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (c/o Thomas Moers Mayer, Amy Caton and Jennifer Sharret) and Porter Hedges LLP, 1000 Main St, 36th Floor, Houston, TX 77002 (c/o John Higgins), as counsel to the Committee; and

l.      such additional persons and entities deemed appropriate by the Debtor.

11.      After the initial mailing of the Bar Date Packages, the Debtor may, in its discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtor may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

12.      The Debtor shall cause notice of the General Claims Bar Date, the Tort Claims Bar Date, and the Governmental Bar Date to be given by publication to creditors to whom notice by

mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtor and creditors whose identities are known but whose addresses are unknown by the Debtor. Specifically, the Debtor shall cause the Bar Date Notice to be published as soon as reasonably practicable after entry of the Bar Date Order, modified for publication in substantially the form annexed hereto as **Exhibit 3** (the "Publication Notice"), every other week until occurrence of the Tort Claims Bar Date in the following publications:

- Bartlett Tribune-Progress
- Olney Enterprise
- Hillsboro Reporter
- Corsicana daily Sun
- Gainesville Daily Register
- Cleburne Times-Review
- Dallas Morning News
- Fort Worth Star Telegram

- The Comanche Chief
- Hamilton Herald-News
- Clay County Leader
- Franklin Advocate
- Lubbock Avalanche Journal
- Wise County Messenger
- Waco Tribune-Herald
- New York Times

- Denton Record-Chronicle
- The McGregor Mirror
- Navasota Examiner
- Robertson County News
- Azle News
- Austin American-Statesman
- Houston Chronicle
- Wall Street Journal – Texas Edition

13.      The Debtor shall additionally request that an advertisement (the "Advertisement"), substantially in the form annexed hereto as **Exhibit 4** or such other form acceptable to the Debtor, Committee, and the Texas Co-Op Power Magazine, be published in the Texas Co-Op Power Magazine on a monthly basis until occurrence of the Tort Claims Bar Date. For the avoidance of doubt, the preceding sentence does not in any way obligate or instruct the Texas Co-Op Power Magazine, who is a non-party to this case, to do or take any action; rather, it is merely intended to provide the Debtor and Committee with guidance on approaching the Texas Co-Op Power Magazine.

14.      To the extent the Texas Co-Op Power Magazine determines to run such monthly Advertisement in its sole discretion, the Debtor and its estate shall fully, completely, and unconditionally release the Texas Co-Op Magazine from any and all actions, claims, expenses,

liabilities, or causes of action of any kind, arising out of or related in any way to the above-referenced case and the Advertisement (the "Release").

15. The Court finds that the Release, which is designed to cover all aspects of the Advertisement in favor of the Texas Co-Op Power Magazine, is appropriate under the circumstances. Accordingly, the Court hereby approves the Release in all respects, and further finds and concludes, for the avoidance of doubt, that the Texas Co-Op Magazine shall have no liability on any aspect in any way related to the Advertisement whatsoever for any reason.

16. Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtor may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

17. Except as set forth in this Bar Date Order, and except as otherwise ordered by the Court pursuant to the Bankruptcy Code, the Bankruptcy Rules, and/or applicable law, any entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a Proof of Claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether

such claim is identified on Schedule F of the Schedules as not contingent, not disputed, and liquidated.

18.     Except in the case of certain exceptions explicitly set forth in this Bar Date Order, any such entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in this chapter 11 case, participating in any distribution in this chapter 11 case on account of such claim, or receiving further notices regarding such claim.

19.     The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

20.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

21.     All time periods set forth in this Bar Date Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

23.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.


**Signed:  May 05, 2021.**


**DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE**

## Exhibit 1

**Proof of Claim Form**

**Fill in this information to identify the case:**

| Debtor: | |
|---|---|
| Brazos Electric Power Cooperative, Inc. | Case Number: 21-30725 |

**United States Bankruptcy Court for the Southern District of Texas**

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of *Bankruptcy Procedure* (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name | Name |
| Street Address | Street Address |
| City  State  ZIP Code | City  State  ZIP Code |
| Contact phone | Contact phone |
| Contact email | Contact email |

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing?

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

7. **How much is the claim?**   $_____. **Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Non-tort claimants should attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Tort claimants should attach a signed statement setting forth a basis for the claim and nature of the injury.

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**If you are asserting a claim based on a tort, select one or more of the below options:**
☐ Property Damage (homes, structures, personal property, and all other property damage)
    ☐ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____
☐ Personal Injury
☐ Other (Please specify): _____

9. **Is all or part of the claim secured?**
☐ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____
**Amount of the claim that is secured:**   $_____
**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**
☐ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

| 11. | **Is this claim subject to a right of setoff?** | ❑ No |
| | | ❑ Yes. Identify the property: _____ |

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ❑ No | |
| | | ❑ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | A claim may be partly priority and partly *nonpriority*. *For example,* in some categories, the law limits the amount entitled to priority. | ❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ❑ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ❑ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ❑ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

**Part 3:**    **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim *electronically, FRBP 5005(a)(2)* authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐   I am the creditor.

☐   I am the creditor's attorney or authorized agent.

☐   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                     MM /  DD  / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name      _____
                 First name            Middle name            Last name

Title       _____

Company   _____
                 Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    _____
                 Number        Street

                    _____
                 City                           State       ZIP Code

Contact phone   _____      Email   _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571.

---

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

## <u>Exhibit 2</u>

**Bar Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 21-30725  (DRJ) |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | Chapter 11 |
| | § | |
| Debtor.[1] | § | |

## NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST BRAZOS ELECTRIC POWER COOPERATIVE, INC.**

**PLEASE TAKE NOTICE THAT**:

On March 1, 2021 (the "Petition Date"), Brazos Electric Power Cooperative, Inc., as debtor and debtor in possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On April 30, 2021 the Court entered an order [Dkt. No. [●]] the ("Bar Date Order")[2] establishing certain dates by which parties or entities holding prepetition claims against the Debtor must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtor's schedules of assets and liabilities filed in these cases (the "Schedules").

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

As used in this Notice, the term "claim" means, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.      THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in this chapter 11 case (collectively the "Bar Dates").

a. *General Claims Bar Date*.  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) that assert claims against the Debtor that arose or are deemed to have arisen prior to the Petition Date, including requests for payment pursuant to section 503(b)(9), are required to file Proofs of Claim by June 15, 2021 (the "General Claims Bar Date").  Except as expressly set forth in this Notice and the Bar Date Order, the General Claims Bar Date applies to all types of claims against the Debtor that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b. *Tort Claims Bar Date*.  Pursuant to the Bar Date Order, all tort claimants that assert tort claims against the Debtor that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by August 5, 2021 (the "Tort Claims Bar Date").

a. *Governmental Bar Date*.  Pursuant to the Bar Date Order, except as described below, all governmental units that assert claims against the Debtor that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by September 3, 2021 (the "Governmental Bar Date").  The Governmental Bar Date applies to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

b. *Rejection Damages Bar Date*.  Pursuant to the Bar Date Order, all entities that assert claims arising from the Debtor's rejection of executory contracts or unexpired leases must file Proofs of Claim by the date that is the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days following entry of the order approving the Debtor's rejection of the applicable executory contract or unexpired lease (such later date, the "Rejection Damages Bar Date");

c. *Amended Schedules Bar Date*.  Pursuant to the Bar Date Order, in the event that the Debtor amends its Schedules, all entities that assert claims affected by such

amendment must file Proofs of Claims by the date that is the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days from the date on which the Debtor mails notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

## II.   WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein, the following entities holding claims against the Debtor that arose (or that are deemed to have arisen) prior to the Petition Date must file Proofs of Claim on or before the General Claims Bar Date, Tort Claims Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

a.   any entity whose claim against the Debtor is not listed in the Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case;

b.   any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.   any former or present full-time, part-time, salaried, or hourly employees who has a claim relating to any grievance that arose on or prior to the Petition Date; and

d.   any entity who believes that its claim against the Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.   PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need not file Proofs of Claims:

a.   The U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.   any entity that already has filed a signed Proof of Claim against the Debtor with the Claims Agent in a form substantially similar to Official Form 410;

c.   any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtor as any of "disputed," "contingent," or "unliquidated;" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

d.      any entity whose claim has previously been allowed by a final order of the Court;

e.      any entity whose claim is solely against any non-Debtor affiliates;

f.      any entity whose claim has been paid by the Debtor pursuant to a Court order;

g.      a current employee of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided that* a current employee must submit a Proof of Claim by the General Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

h.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

i.      any entity holding a claim for which a separate deadline is fixed by this Court; and

j.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided that* any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      *Contents.* Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form attached hereto as Exhibit 1; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.      *Section 503(b)(9) Claim.* Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c.  *Electronic Signatures Permitted.*  Only original Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.  *Supporting Documentation.* Each non-tort claimant Proof of Claim must include supporting documentation, to the extent required by Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided however* that such information must be made available on request by the Debtor, Committee or U.S. Trustee. Each tort claimant Proof of Claim must attach a signed statement setting forth a basis for the claim and nature of the injury.

e.  *Timely Service.* Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims Agent's website at https:// https://cases.stretto.com/brazos or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be actually received by the Claims Agent on or before the applicable Bar Date, at the following address:

> Brazos Electric Power Cooperative, Inc., Claims Processing
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

Proofs of Claim will be deemed filed when filing via PACER is completed or when actually received by the Claims Agent. Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a claim is submitted by one of the methods described above.

f.  *Receipt of Service.* Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims Agent) and (ii) a self-addressed, stamped envelope.

## V.  CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.   YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.   THE DEBTOR AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c.   YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM; AND

d.   YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION FOR THE DEBTOR ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.   RESERVATION OF RIGHTS.

Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Notice or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

## VII.   THE DEBTOR'S SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and status of your claim(s).

If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of

Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.    ADDITIONAL INFORMATION.

Copies of the Debtor's Schedules, the Bar Date Order, and other information regarding this chapter 11 case are available for inspection free of charge on the Debtor's website at https://cases.stretto.com/brazos/.  The Schedules and other filings in this chapter 11 case also are available for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in this case also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtor's restructuring hotline at: 855.529.1663 (toll-free) or 949.771.2210 (international).

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

**<u>Exhibit 3</u>**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 21-30725  (DRJ) |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | Chapter 11 |
| | § | |
| Debtor.[1] | § | |

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM,**
**INCLUDING REQUESTS FOR PAYMENT PURSUANT TO SECTION**
**503(B)(9) OF THE BANKRUPTCY CODE**

> **THE GENERAL CLAIMS BAR DATE IS JUNE 15, 2021.**
> **THE TORT CLAIMS BAR DATE IS AUGUST 5, 2021.**
> **THE GOVERNMENTAL BAR DATE IS SEPTEMBER 3, 2021.**

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

*Deadlines for Filing Proofs of Claim.*  On April 30, 2021 the Court entered an order [Dkt. No. [●]] the ("Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against Brazos Electric Power Cooperative, Inc. (the "Debtor") must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

*The Bar Dates.* Pursuant to the Bar Date Order, *all* entities (except tort claimants and governmental units), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtor that arose prior to March 1, 2021, no matter how remote or contingent such right to payment or equitable remedy may be, including requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **June 15, 2021** (the "General Claims Bar Date").  All tort claimants that assert a tort claim or potential tort claim against the Debtor that arose prior to march 1, 2021, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **August 5, 2021** (the "Tort Claims Bar Date").  Governmental entities that have a claim or potential claim against the Debtor that arose prior to March 1, 2021, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **September 3, 2021** (the "Governmental Bar Date").  All entities holding claims arising from the Debtor's rejection of executory contracts or unexpired leases must file

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729).  Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

Proofs of Claim by the date that is the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days following entry of the order approving the Debtor's rejection of the applicable executory contract or unexpired lease (such later date, the "Rejection Damages Bar Date"). In the event that the Debtor amends its Schedules, all entities holding claims affected by such amendment must file Proofs of Claims by the date that is the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days from the date on which the Debtor mails notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE GENERAL CLAIMS BAR DATE, THE TORT CLAIMS BAR DATE, OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

*Contents of Proofs of Claim.* Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form approved by this Court; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

*Section 503(b)(9) Claim.* Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

*Electronic Signatures Permitted.* Only original Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

*Supporting Documentation.* Each non-tort claimant Proof of Claim must include supporting documentation, to the extent required by Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided however* that such information must be made available on request by the Debtor, Committee or U.S. Trustee. Each tort claimant Proof of Claim must attach a signed statement setting forth a basis for the claim and nature of the injury.

*Timely Service.* Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims Agent's website at https:// https://cases.stretto.com/brazos or (iii) if submitted through non-

electronic means, by U.S. Mail or other hand delivery system, so as to be actually received by the Claims Agent on or before the applicable Bar Date, at the following address:

> Brazos Electric Power Cooperative, Inc., Claims Processing
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

Proofs of Claim will be deemed filed when filing via PACER is completed or when actually received by the Claims Agent. Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a claim is submitted by one of the methods described above.

*Receipt of Service.* Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims Agent) and (ii) a self-addressed, stamped envelope.

*Additional Information.* If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtor's restructuring hotline at: 855.529.1663 (toll-free) or 949.771.2210 (international) or visit the Debtor's restructuring website at: https://cases.stretto.com/brazos/.

**<u>Exhibit 4</u>**

**Texas Co-op Power Publication Notice**

On March 1, 2021, Brazos Electric Power Cooperative, Inc. filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

Information regarding the bankruptcy case, including all filings and deadlines, can be found by contacting the Debtor's restructuring hotline at: 855.529.1663 (toll-free) or by visiting the Debtor's restructuring website at: https://cases.stretto.com/brazos/.