IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
   In re:                                   :   Chapter 11
                                            :
   BRAZOS ELECTRIC POWER                    :   Case No.   21-30725 (DRJ)
   COOPERATIVE, INC.,¹                      :
                                            :
                                            :
                                            :
           Debtor.                          :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

**NOTICE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF RULE 2004 EXAMINATION AND DOCUMENT PRODUCTION REQUESTS TO ERCOT**

TO:   Electric Reliability Council of Texas, Inc.
      Kevin M. Lippman, Esq.
      Deborah M. Perry, Esq.
      Jamil N. Alibhai, Esq.
      MUNSCH HARDT KOPF & HARR, P.C.
      500 N. Akard Street, Suite 3800
      Dallas, TX  75201-1664

PLEASE TAKE NOTICE that, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned bankruptcy case ("Chapter 11 Case") of Brazos Electric Power Cooperative, Inc., as debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, hereby files and serves this Notice of Rule 2004 Examination and Document Production Requests on the Electric Reliability Council of Texas, Inc. ("ERCOT").

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's proposed claims and noticing agent at https://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

11085615

The Committee intends to take the examination of ERCOT's designated custodian of records with knowledge of the scope and categories of documents in ERCOT's possession that are responsive to this Notice, at the offices of Porter Hedges LLP, 1000 Main Street, 36th Floor, Houston, Texas 77002, at such date and time (and at such other location or through such other method) as mutually agreed by counsel for ERCOT and the Committee.  The examination will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE that the documents and information requested herein shall be produced to the undersigned counsel in accordance with the instructions set forth in **Exhibit A** and **Exhibit B** annexed hereto, and in a manner consistent with the Bankruptcy Rules and Bankruptcy Local Rules.  In addition, in all events, the documents and information requested shall be produced no later than 24 hours before the above-stated time of the examination.

Dated:  May 26, 2021

    Respectfully submitted,

    **PORTER HEDGES LLP**

    */s/     Eric D. Wade*
    John F. Higgins (TX 09597500)
    Eric D. Wade (TX 00794802)
    Heather K. Hatfield (TX 24050730)
    M. Shane Johnson (TX 24083263)
    Megan Young-John (TX 24088700)
    1000 Main Street, 36th Floor
    Houston, Texas 77002
    Telephone:  (713) 226-6000
    Facsimile:  (713) 2226-6248
    jhiggins@porterhedges.com
    ewade@porterhedges.com
    hhatfield@porterhedges.com
    sjohnson@porterhedges.com
    myoung-john@porterhedges.com

    - and –

3

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Thomas Moers Mayer (admitted pro hac vice)
Amy Caton (admitted pro hac vice)
Jennifer Sharret (admitted pro hac vice)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
(212) 715-8000
tmayer@kramerlevin.com
acaton@kramerlevin.com
jsharret@kramerlevin.com

*Counsel to the Official Committee of Unsecured Creditors*

11085615

**CERTIFICATE OF CONFERENCE**

I, the undersigned, hereby certify that on the 6th, 13th, and 21st days of May, 2021, I personally conferred with legal counsel for ERCOT via videoconference, to discuss the requests for document production annexed hereto, and to coordinate with ERCOT's counsel regarding the same, and pursuant thereto, such discussions remain ongoing.

                                                              */s/   Eric D. Wade*
                                                                  Eric D. Wade

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 26th day of May, 2021, I personally caused to be served a true and correct copy of the foregoing document upon the counsel shown below, by filing same through the Court's CM/ECF system, and via electronic submission, and by U.S. first class mail.

    Kevin M. Lippman, Esq.
    Deborah M. Perry, Esq.
    Jamil N. Alibhai, Esq.
    MUNSCH HARDT KOPF & HARR, P.C.
    500 N. Akard Street, Suite 3800
    Dallas, TX  75201-1664

    *Counsel for non-party ERCOT*

                                                              */s/   Eric D. Wade*
                                                                 Eric D. Wade

**EXHIBIT A**

**DEFINITIONS**

1. "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2. "Brazos" or "Debtor" means the debtor in this Chapter 11 Case, as well as its past and present officers, directors, employees, members, agents, representatives, attorneys, consultants, advisors, or other Persons acting or purporting to act under its control or on its behalf.

3. "Chapter 11 Case" means the bankruptcy case of Brazos currently pending in the Bankruptcy Court.

4. "Communication" means both the documentary and any non-documentary transmission of facts, data, or any other information, and all attachments and enclosures thereto, whether transmitted verbally, visually, in writing, electronically, or by any other means or media from one Person to another Person; the non-documentary transmission of information shall include but not be limited to oral statements, telephone conversations, recorded voicemail messages, negotiations, conferences or meetings, however formal or informal.  The term also includes information relating to oral communications and written communications, whether or not any such information or writings were themselves transmitted by their author or any other persons.

5. "Concerning" means referring to, relating to, constituting, in connection with, alluding to, supporting, refuting, reflecting, touching upon, involving, pertaining to, explaining, containing, recording, summarizing, showing, disclosing, setting forth, discussing, describing, evaluating, analyzing, or evidencing.

6. "Coop Member" means any member of Brazos, including Bartlett Electric, Comanche Electric, CoServ Electric, Fort Belknap Electric, Hamilton County Electric, Heart of Texas Electric, HILCO Electric, J-A-C Electric, Mid-South Synergy, Navarro County Electric,

5

11085615

Navasota Valley Electric, PenTex Energy, South Plains Electric, Tri-County Electric, United Electric, and Wise Electric, and their past and present officers, directors, partners, employees, members, owners and beneficiaries, agents, representatives, attorneys, consultants, advisors, or other Persons acting or purporting to act under its control or on its behalf

7. "Debtor Affiliate" means any of the Debtor's load serving entities, including the Sandy Creek Energy Station, the Jack County Plant, the Johnson County Plant, and the Randle W. Miller Plant.

8. "Document" is used in the broadest sense possible and equal in scope to the use of the term in Federal Rule of Civil Procedure 34(a), as made applicable in this Chapter 11 Case by the Bankruptcy Rules, including Bankruptcy Rule 7034. For the avoidance of doubt, the term includes electronically stored information on desktop and portable computers, remote computer servers (i.e., "cloud-based" software), data-storage devices such as external hard drives and USB "thumb" drives, and portable electronic devices, including any cell phone, smartphone, or tablet computing device; and all information stored in or constituting, without limitation, e-mails, text messages, SMS messages, instant messages, social media posts, WhatsApp, Telegram, Wickr, or Bloomberg chats, and/or communications sent or received via similar programs and applications.

9. "Including" means including, without limitation.

10. "Person" means natural persons, firms, associations, agencies, and/or other organizations and entities cognizable by law, including private corporations, public corporations, partnerships, unincorporated associations, offices, governments, governmental or political entities.

11. "PUCT" means the Public Utility Commission of Texas, as well as its past and present officers, directors, employees, members, agents, representatives, attorneys, consultants, advisors, or other persons acting or purporting to act under its control or on its behalf.

6

11085615

12. "<u>Winter Storm Uri</u>" means the winter storm that had widespread impacts on the United States in February 2021, including in Texas, and including between at least February 10-20, 2021.

13. "<u>You</u>" and "<u>Your</u>" means ERCOT, as well as its past and present officers, directors, employees, agents, representatives, attorneys, consultants, advisors, or other persons acting or purporting to act under its control or on its behalf.

## INSTRUCTIONS

1. Unless otherwise noted, the dates applicable to the document requests set forth herein are **February 1, 2021 to the present** (the "<u>Relevant Period</u>"), and each request covers any and all documents created, dated, sent, received, in effect, or in Your possession at any time during the Relevant Period.

2. The requests set forth herein are for documents and things that are not currently available on ERCOT's website.

3. Documents shall be produced in accordance with the document production format and specifications described in **Exhibit B**.

4. The use of the singular form of any word includes the plural and vice versa.

5. The use of the past tense of any verb includes the present tense and vice versa.

6. The connectives "and" and "or" shall be construed conjunctively or disjunctively as necessary to make each request for production inclusive rather than exclusive; to bring within the scope of the request all documents and communications and responses that otherwise might be construed to be outside the scope of the request.

7. If any documents or communications requested are withheld from production on a claim of privilege, please provide information reasonably sufficient to: (a) identify the category, nature, and general subject matter of the withheld document(s); and (b) enable the Committee and

7

11085615

its counsel to assess and make a determination about the validity and propriety of any assertion of privilege.

8. Where documents or communications in the possession of a legal entity are requested, such request includes the entity's employees, advisors, attorneys, representatives, agents, members, partners, officers, directors, independent contractors, successors and assigns, and all other persons acting for or on behalf of any one or more of them.

9. Please produce responsive documents as they have been kept in the usual course of business.

10. If there are no documents responsive to any particular request, please state so in writing.

11. If the only documents responsive to any particular request are publicly-available, please state so in writing. Documents that are publicly-available and equally accessible to both ERCOT and the Committee need not be produced in response to the requests herein.

12. Where only a portion of a document relates or refers to the subject of a request, the entire document is to be produced nevertheless, inclusive of any and all attachments, appendices, and exhibits.

13. If a responsive document was, but no longer is, within Your possession, custody or control, please state in detail: (i) the type of document and the author(s), sender(s), recipient(s) and copyee(s) of the document; (ii) a summary of the contents of the document; (iii) what disposition was made of such document; (iv) the date of such disposition; (v) whether the original or a copy thereof is within the possession, custody or control of any other person; and (vi) if the answer to (v) is affirmative, the identity of such person.

11085615

14. The requests herein are to be deemed continuing so as to require further and supplemental productions if You discover, receive, or generate additional responsive documents between the time of Your original production and the time of the final hearing held in this action.

## **REQUESTS FOR PRODUCTION**

1. All documents and communications concerning prices set by ERCOT for energy during Winter Storm Uri.

2. All documents and communications concerning ERCOT's imposition of ancillary fees on the Debtor for electricity purchased or sold during Winter Storm Uri.

3. All documents and communications concerning actions PUCT directed ERCOT to take or not take during Winter Storm Uri.

4. All documents and communications concerning any determination made by Potomac Economics, Ltd., the Independent Market Monitor for PUCT, with respect to the propriety of electricity prices or ancillary charges during Winter Storm Uri.

5. All communications concerning shortages or failures in natural gas supply to the Debtor or any Debtor Affiliate during Winter Storm Uri.

6. All communications during Winter Storm Uri between or among ERCOT and the Debtor and/or any Debtor Affiliate or Coop Member relating to power generation curtailment and load shedding during Winter Storm Uri.

7. Documents sufficient to show the Debtor's electricity generation commitments to the ERCOT market between February 10-20, 2021.

8. To the extent not available from the Debtor, copies of all settlement invoices and bills presented by ERCOT to the Debtor related to February 10-20, 2021 operating days, including, without limitation, all underlying or related DAM, Initial, Final, and True-Up Statements from ERCOT to the Debtor corresponding to those dates.

11085615

9. To the extent not available from the Debtor, all documents and communications concerning settlement invoices and bills or statements and other charges presented by ERCOT to the Debtor for electricity in February 2021, including any demand by ERCOT for payment of such invoices or charges.

10. All documents and communications concerning the Debtor's February 25, 2021 Notice of Force Majeure Event letter to ERCOT.

11. All documents and communications concerning the Debtor's abatement of payment of ERCOT invoices or other charges incurred between February 10-20, 2021 or as a result of Winter Storm Uri.

12. All documents and communications concerning ERCOT's consideration of measures or its efforts or plans to uplift unsettled portions of any invoices or charges from ERCOT to the Debtor to other ERCOT market participants, including documents and communications concerning actions PUCT directed ERCOT to take or not take with respect to the settlement or uplift of invoices or charges for electricity purchased or sold by the Debtor during Winter Storm Uri.

13. All documents and communications concerning ERCOT's assessments or determinations as to the Debtor's collateral requirements to participate in ERCOT's Real-Time and/or Day-Ahead Markets in 2021, and/or concerning any collateral actually posted by the Debtor with ERCOT or swept by ERCOT from the Debtor in 2021.

14. Documents sufficient to show ERCOT's estimating and planning with respect to the amount of power that would be required during Winter Storm Uri and/or constituting ERCOT's emergency readiness and response plans and procedures for Winter Storm Uri.

15. All documents and communications concerning ERCOT's decisions or deliberations about maintaining or cutting power to the Debtor, any Debtor Affiliate, and/or any

Coop Member during Winter Storm Uri, including any determinations made as to duration (e.g., rolling outages versus extended outages, etc.).

16. Non-public agendas, minutes, transcripts, presentations or other board materials referring to the Debtor from or for any meeting of ERCOT's Board of Directors or its committees held between February 2021 and the present.

17. All documents and communications concerning any evaluation or review by ERCOT of the Emergency Operations Plan for 2021 that the Debtor submitted to ERCOT in February 2021.

18. All documents and communications concerning Clifton Karnei's resignation from ERCOT's Board of Directors in February 2021 and/or whether any other ERCOT officer or board member resigned or was removed in connection with Winter Storm Uri events.

19. All documents and communications concerning ERCOT's consideration of measures or its efforts or plans to improve or ensure winterization compliance across the Texas power grid between February 2011 and the present, including any actions taken or considered in response to the August 16, 2011 report issued by the Federal Energy Regulatory Commission, titled "Report on Outages and Curtailments During the Southwest Cold Weather Event of February 1-5, 2011."

20. All documents and communication concerning annual reviews or audits conducted or commissioned between 2011 and the present of the Debtor's equipment, facilities, and/or transmission lines to assess protection against or the impact on systems of cold weather events.

21. All documents and communications concerning any drills or training programs conducted by ERCOT between 2011 and the present that involved the Debtor and/or its and any Debtor Affiliate's plant personnel.

11085615

22. All documents and communications concerning preventive maintenance programs or policies implemented between 2011 and the present to protect the Debtor's equipment, facilities, and/or transmission lines against cold weather events.

11085615

# **EXHIBIT B**

## **Production of Emails and Electronically Stored Information ("ESI"):**

All emails/attachments and electronically stored documents are to be produced as single page endorsed tiff images with the exception of excels to be produced in their native format. All documents will be produced with extracted text, metadata and load files. Endorsed tiff images (if available) should also be produced. All productions should be de-duped, and placed on the largest media applicable to reduce deliverables and follow the technical requirements below.

- Every production should contain a folder named: DATA. All image load files (.lfp or .opt) and .Dat files containing metadata are to be placed in here. Metadata files should use the Concordance delimiters which are:

  Comma:        ASCII character (020)
  Quote:    þ   ASCII character (254)

- The following fields are required with every production (unless non-existent):

| Field Name | Sample | Description |
|---|---|---|
| BegBates | ABC0000001 | First Bates number of native file document/email |
| EndBates | ABC0000005 | Last Bates number of native file document/email (should be populated with BegDoc for one page documents or placeholders) |
| BegAttach | ABC0000001 | First Bates number of attachment range |
| EndAttach | ABC0000020 | Last Bates number of attachment range |
| Custodian | Smith, John | For Emails - owner of mailbox; For Efiles - owner of folder or folder names |
| DateLastModified | 12/12/2012 11:00:00 AM | For E-Files only - Date & Time the document was last modified |
| DateSent | 12/12/2012 11:00:00 AM | For E-Files only - Date & Time the email was sent |
| From | John Smith | Email Sender |
| To | Mary Jones; Kevin Hart | Recipients (separated by semi-colon) |
| CC | Peter Smith; Joe Johnson | Carbon Copy recipients (separated by semi-colon) |
| BCC | Mike Smith | Blind Carbon Copy recipients (separated by semi-colon) |
| Email Subject | Today's Status Meeting | Subject Line of Email |
| Title | Quarterly Earnings Report | Title of Document |
| Author | John Smith | Author of E-Files/Attachments |
| FileName | Status Meeting.pdf | Original Filename of documents |
| Ori File Folder | \Shared Documents\Status Meeting Notes | Original folder path where document was stored |
| DocExt | PDF | The file extension of documents (PDF, XLS, etc) |
| MD5Hash | 9o9qrg97qwt143f-p9wfub | Hash Value for E-Files |
| Native File Path | D:\Natives\001\ABC0000001.msg | Path to Native files on production media |
| Text File Path | D:\TEXT\001\ABC0000001.txt | Path to extracted text/OCR on production media |

11085615

- Every production should contain a folder named: NATIVES.  The native electronic version of the documents are to be placed in this directory.  Native files should be named after their starting production numbers.

- Every production should contain a folder named: IMAGES (if endorsed tiff images exist).  Endorsed Tiff files should be named after the production numbers.  The specs for Tiff files are as follows:  Single-Page, Group IV TIFF image and 300 dpi.

- Every production should contain a folder named: TEXT.  All Extracted Text and/or OCR need to be provided on a Document level and placed in this folder.

**Production of Hard Copy Documents / Documents Originating as Paper**

All documents originating in paper format should be scanned to tiff, OCR'd and produced with the same formatting as the emails and ESI above.

11085615