**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | Chapter 11 |
| | § | |
| Debtor.[1] | § | |

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS TO COMPEL THE COOPERATIVE MEMBERS TO DE-DESIGNATE**
**"HIGHLY CONFIDENTIAL" AND "CONFIDENTIAL" PRODUCED DOCUMENTS**
[Relates to Docket No. 521]

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 15, 2021 AT 3:00 PM IN COURTROOM 400, 4TH FLOOR, 515 RUSK ST., HOUSTON, TX 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY.  YOU MAY ACCESS THE FACILITY AT (832) 917-1510.  YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER.  JUDGE JONES' CONFERENCE ROOM NUMBER IS 205691.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGE JONES" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE JONES HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING.  TO MAKE YOUR  ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU.  SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE JONES. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE".  SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729).  Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos.  The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

11096199

> **PURSUANT TO THE PROTECTIVE ORDER THE DEADLINE FOR THE PRODUCING PARTIES TO FILE A RESPONSE TO THIS MOTION IS 48 HOURS AFTER THIS MOTION IS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee Of Unsecured Creditors (the "Committee") of Brazos Electric Power Cooperative, Inc. (the "Debtor") files this *Emergency Motion of the Official Committee of Unsecured Creditors to Compel the Cooperative Members to De-Designate "Highly Confidential" and "Confidential" Produced Documents* (the "Motion") and respectfully shows the Court as follows:

## PRELIMINARY STATEMENT

1.      The Committee seeks entry of an order, substantially in the form attached hereto (the "Proposed Order"), compelling the Coop Members (as defined below) to de-designate their financial statements and Form 990s from "Highly Confidential" to "Confidential" and "Confidential" to Undesignated Material respectively.

2.      Pursuant to the Protective Order (as defined below),[2] the Committee objected to these designations and conferred in good faith with the producing Coop Members as to whether such designations should be maintained. Despite attempts by the Committee to resolve these disputes, the Coop Members have refused to de-designate the documents.   Therefore, the Committee requests that the Court compel the Coop Members to de-designate their financial statements and Form 990s filed under seal as **Exhibit A**[3] from "Highly Confidential" to "Confidential" and "Confidential" to Undesignated Material because the Form 990s are publicly

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Protective Order.

[3] "The Court's approval and entry of [the Protective Order] shall constitute authority for the Parties to file Confidential Material or Highly Confidential Material under seal without the necessity of filing a separate motion under Local Rule 9037-1." Protective Order, ¶ 16.

11096199

available and disclosure of the financial statements to the Committee members will not pose a risk of competitive injury to the Coop Members.

## JURISDICTION

3.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this Motion is sought pursuant to the Protective Order, sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 7026, 7034, 7037, and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## EMERGENCY RELIEF

4.     Pursuant to paragraph 27(a) of the Protective Order, the parties to the order agreed that any hearing on a motion to de-designate Discovery Material "shall be heard on an emergency basis."

## BACKGROUND

5.     On March 1, 2021, the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtor is a non-profit electric cooperative corporation organized under the laws of the state of Texas pursuant to Section 161.059 of the Texas Utilities Code.

6.     On March 15, 2021, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Committee, and the Committee was reconstituted on March 24, 2021 [Docket No. 285]. The members of the Committee are: (i) MUFG Bank, Ltd., (ii) Pension Benefit Guaranty Corporation, (iii) Stefano Russolillo, and (iv) Leslie Hixson.

11096199

7.      On May 6, 2021, the Court entered the *Confidentiality Agreement and Stipulated Protective Order* [Docket No. 521] (the "<u>Protective Order</u>") between the Committee and the Debtor.[4]   The Protective Order governs the disclosure or exchange of all information and documents, and provides the procedure for designating such material as "Confidential" or "Highly Confidential." *See* Protective Order, ¶¶ 8(a) and (b). "Highly Confidential" information cannot be distributed to the Committee members. *See* Protective Order, ¶ 14. Additionally, the party receiving the information and documents can raise an objection to the "Confidential" or "Highly Confidential" designation by email. *See* Protective Order, ¶ 27.

8.      On May 11, 2021, the Debtor filed its *Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtor to Obtain Postpetition Financing, (B) Authorizing the Debtor to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Revolving Lenders and RUS Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [Docket No. 553] (the "<u>DIP Motion</u>"). The Committee did not object to the entry of the interim order approving the DIP Motion but filed the *Response of the Official Committee of Unsecured Creditors to Debtor's Motion for Entry of Interim and Final Orders (A) Authorizing the Debtor to Obtain Postpetition Financing, (B) Authorizing the Debtor to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Revolving Lenders and RUS Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [Docket No. 613] on May 17, 2021 in which it noted, among other things, that the

---

[4] Each of the Coop Members has agreed to be bound by the Protective Order.

Debtor's "need for DIP financing results from its failure to pass along costs to the member cooperatives, as it has the contractual right and fiduciary duty to do."

9.      On May 19, 2021, the Court entered the *Interim Order (A) Authorizing the Debtor to Obtain Postpetition Financing, (B) Authorizing the Debtor to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Revolving Lenders and RUS Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [Docket No. 636] (the "Interim DIP Order").  Among other things, the Interim DIP Order set a final hearing on June 11, 2021 to consider final approval of a new money revolving credit facility in the aggregate principal amount of $350 million. The Interim DIP Order also set June 4, 2021 as the deadline for parties in interest to file objections to the relief sought at the final hearing (the "Objection Deadline").  The Debtor agreed to extend the Committee's Objection Deadline to June 8, 2021.

10.      On May 22, 2021, the Committee served the requests for production (the "RFPs") on counsel for: (1) Mid-South Electric Cooperative Association; (2) Wise Electric Cooperative, Inc.; (3) Denton County Electric Cooperative, Inc., d/b/a CoServ Electric; (4) United Electric Cooperative Services, Inc., d/b/a United Cooperative Services; (5) Comanche County Electric Cooperative Association; (6) Hamilton County Electric Cooperative Association; (7) J-A-C Electric Cooperative, Inc.; (8) South Plains Electric Cooperative, Inc.; (9) Heart of Texas Electric Cooperative, Inc.; (10) Cooke County Electric Cooperative Association, d/b/a PenTex Energy; (11) Navarro County Electric Cooperative, Inc.; (12) Bartlett Electric Cooperative, Inc.; (13) Navasota Valley Electric Cooperative, Inc.; (14) Tri-County Electric Cooperative, Inc.; and (15) Hilco Electric Cooperative, Inc. (collectively, the "Coop Members"),[5] requesting production

---

[5] Fort Belknap Electric Cooperative did not produce any responsive documents to the Committee.

11096199

of various documents detailing the financial condition of each of the Coop Members. The RFPs requested production of all responsive documents on or before June 1, 2021 at 5:00 p.m. (Prevailing Central Time).

11.     On May 28, 2021, the Committee's counsel held a meet and confer conference with counsel to the Coop Members to discuss the discovery requests.  Each Coop Member agreed to provide counsel to the Committee with the following documentation on or before June 2, 2021: (1) its most recent audited financial statements; (2) its most recent quarterly or monthly internal financial statements, which may be unaudited financial statements; and (3) its most recent Form 990 (collectively, the "Discovery Material").

12.     All of the Coop Members produced the requested Discovery Material,[6] with certain Discovery Material designated as "Confidential" or "Highly Confidential" as set forth in greater detail on **Exhibit 1** to the Proposed Order.

13.     On May 28, May 31, June 2, and June 3, 2021, pursuant to paragraph 27 of the Protective Order, the Committee's counsel sent the Coop Members emails disputing the "Highly Confidential" and "Confidential" designations of the Discovery Material.

14.     On June 4, 2021, the Committee's counsel held a meet and confer with counsel to the Coop Members to discuss the disputed designations. During the conference, the Coop Members confirmed that they will not de-designate any documents marked as Highly Confidential or Confidential. Accordingly, the Committee files this Motion seeking an order from the Court requiring de-designation.

---

[6] Counsel for Navarro County Electric Cooperative, Inc. was not present at the May 28, 2021 or June 4, 2021 meet and confers but produced the requested documents on June 4, 2021. Counsel for Navarro County Electric Cooperative, Inc. did not respond to the Committee's written objection to the designation of its documents.

11096199

## ARGUMENT

I.   **The Coop Members' Financial Statements are not "Highly Confidential" Information**

15.   Paragraph 8(b) of the Protective Order provides that:

A Producing Party may designate Discovery Material as "Highly Confidential" if such Discovery Material is of a nature that should be protected under the Bankruptcy Rules or the Federal Rules **and the Producing Party reasonably believes** (or with respect to documents received from another person, has been reasonably advised by such other person) **that such Discovery Material is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 14 of this Order**, such as trade secrets, sensitive financial or business information, or material prepared by its industry advisors, financial advisors, accounting advisors, experts, or by its consultants (and their respective staff) that are retained by the signatories to this Order in connection with this Case if such materials contain trade secrets or sensitive financial or business information, and only to the extent that the Producing Party reasonably believes that such material is of such a nature that "Highly Confidential" treatment is warranted.

Protective Order, ¶ 8(b) (emphasis added).

16.   "The burden of persuasion as to the confidentiality of the Discovery Materials in question shall rest with the Producing Party." Protective Order, ¶ 27(a). Thus, the burden is on the Coop Members to establish that (i) their financial statements should be protected under the Bankruptcy Rules or the Federal Rules of Civil Procedure *and* (ii) the Coop Members reasonably believe that the disclosure of their financial statements to the Committee members poses a risk of competitive injury. The Coop Members cannot meet their burden to prove the Discovery Material has been properly designated as "Highly Confidential."

   a.   **The Coop Members are not Entitled to Designate the Discovery Material as Highly Confidential under the Bankruptcy Code or the Federal Rules of Civil Procedure**

17.   Under section 107(b) of the Bankruptcy Code, all information must be publicly filed unless it is "a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). The bankruptcy court may only protect from disclosure information that would

11096199

give "an unfair advantage to competitors by providing them with information as to commercial operations of the debtor," and "disclosure of the information must reasonably be expected to cause the entity commercial injury." *See In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (holding that information in settlement agreement was not confidential commercial information because it did not relate to the debtor's commercial operations nor did it unfairly advantage competitors); *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (holding that the purpose behind section 107(b)(1) and the relevant portion of Bankruptcy Rule 9018 is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury by giving an unfair advantage to competitors); *Motors Liquidation Co. Avoidance Action Trust v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)*, 561 B.R. 36, 42 (Bankr. S.D.N.Y. 2016) (holding that party moving for sealing order did not meet burden of showing that the information is confidential, which requires an "extraordinary circumstance or compelling need" to obtain protection, where party only produced conclusory statements regarding the information's commercial importance); *In re North Bay General Hosp., Inc.*, 404 B.R. 429, 443 (Bankr. S.D. Tex. 2009) (granting motion to unseal under Bankruptcy Rule 9018 because the presumption of public access under section 107(a) of the Bankruptcy Code was never rebutted).

18.     Furthermore, under Rule 26(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, those who seek to avoid disclosure of commercial information by a protective order bear a heavy burden to demonstrate that disclosure will work a clearly defined and very serious injury. *See Citicorp v. Interbank Card Ass'n*, 478 F. Supp. 756, 765 (S.D.N.Y. 1979); *see also Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889 (E.D. Pa. 1981) ("Analysis of protective orders issued under Rule 26 [designed to

protect trade secrets or other confidential research] requires three lines of inquiry. First, is a matter sought to be protected "a trade secret or other confidential research, development, or commercial information" which should be protected? Second, would disclosure of such information cause a cognizable harm sufficient to warrant a protective order? Third, has the party seeking protection shown "good cause" for invoking the court's protection?").

19.     The "Highly Confidential" designation, also referred to as "professionals'/attorneys' eyes only," places more restrictive limitations as to who has access to the information; therefore, this designation is usually reserved for more sensitive information, such as trade secret information, future product plans, competitive pricing, customer lists, or competitive business financial information. *See Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 246 (D. Kansas 2010) (*citing* J. Christopher Carraway, Discovery Issues in Patent Cases, 982 PLI/Pat 419, 475–76 (Practising Law Inst. Sept.-Nov. 2009). The basis for allowing the "Highly Confidential" designation is to "protect against business harm that would result from disclosure of sensitive documents *to a competitor*." *Layne Christensen Co.*, 271 F.R.D. at 246 (emphasis added); *see also Netquote, Inc. v. Byrd*, No. 07–cv–00630–DME–MEH, 2007 WL 2438947, at *4 (D. Colo. Aug. 23, 2007) (finding attorney-eyes-only protections warranted where parties were direct competitors of each other); *Martinez v. City of Ogden*, No. 1:08CV00087TCDN, 2009 WL 424785, at *2 (D. Utah Feb.18, 2009) (same).

20.     Indeed, the "Highly Confidential" designation "should be reserved for only those rare instances in which it is truly justified, *i.e.*, when there is a real expectation and entitlement to confidentiality under the law that has been preserved and not waived, and there is no other effective alternative." *Ragland v. Blue Cross Blue Shield of N.D.*, No. 1:12–CV–080, 2013 WL 3776495, at *2 (D.N.D. June 25, 2013) (citing case law where strict criteria for "attorneys' eyes only"

designation not met); *see also Gillespie v. Charter Communications*, 133 F. Supp. 3d 1195, 1201–02 (E.D. Miss. 2015) ("Requiring an 'attorneys' eyes only' designation is a drastic remedy given its impact on the party entitled to the information, in that it prevents a party from reviewing documents with counsel, and can hamper the ability of the party to present his or her case.").

21.     Courts generally decline to authorize a "Highly Confidential" designation where the producing party fails to point to any specific information that would meet the strict criteria to show the need for the designation, or where such designation would prevent the party receiving the discovery to present his or her case, view relevant evidence, fully discuss it with counsel, or make intelligent litigation decisions. *See Ragland v. Blue Cross Blue Shield of N.D.*, No. 1:12–CV–080, 2013 WL 3776495, at *1–2 (D.N.D. June 25, 2013); *see also Skillington v. Activant Solutions, Inc.*, No. 4:09CV673MLM, 2009 WL 3852804, at *7 (E.D. Mo. Nov. 17, 2009) (refusing to issue an "attorneys' eyes only" designation which would prevent the plaintiff from viewing the discovery because it would inhibit the plaintiff from presenting his case); *Arvco Container Corp. v. Weyerhaeuser Co.*, No. 1:08–cv–548, 2009 WL 311125, at *8 (W.D. Mich. Feb. 9, 2009) (denying motion for attorney eyes' only protective order where defendant failed to establish pricing structure was proprietary and where record showed only that defendant did not trust plaintiff and would be uncomfortable if plaintiff's business executives had access to the material); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."); *see also United States v. Garrett*, 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"); *see also In re Adkins Supply, Inc.*, 555 B.R. 579, 591 (Bankr. N.D. Tex. 2016) (finding defendants' conclusory assertion [did not] come close to the particular and specific

demonstration of fact required to satisfy the burden of establishing the need for a protective order) (internal quotation marks and citation omitted).

22.     Here, the Coop Members cannot meet the heavy burden of demonstrating that disclosure of the "Highly Confidential" documents to the Committee member will result in a clearly defined and very serious injury. Some of the Coop Members publish their annual reports (including income statement data and balance sheet data) publicly on their websites and every Coop Member publicly files Form 990 annually, which includes total revenues, assets, and liabilities, among other financial information. Thus, the Coop Members cannot claim that similar information in its audited and/or unaudited financial statements should be designated as "Highly Confidential" information.

### b. The Disclosure of the Discovery Material to the Committee Members will not Result in Competitive Injury to the Coop Members

23.     In addition, the Coop Members cannot establish that if the documents in question are disclosed to the Committee members that any of the produced Discovery Material would result in a risk of competitive injury. The Coop Members already publicly disclose certain similar financial information. Furthermore, none of the Committee members are competitors of the Coop Members (to the extent any entity competes with the Coop Members), and the Protective Order prevents the Committee from using the information in a way that would result in competitive injury because it requires the Committee members to keep the information confidential. Accordingly, the Coop Members cannot meet their burden to prove the Discovery Material has been properly designated as "Highly Confidential."

24.     During the June 4, 2021 meet and confer with the Coop Members regarding the designation of the Discovery Material, the Coop Members argued (without any evidentiary support) that the "Highly Confidential" designation was appropriate because (i) certain Committee

members may disclose the financial statements notwithstanding that they would be precluded from doing so under the Protective Order, (ii) the tort claimant Committee members may file lawsuits against the Coop Members if their financial statements are disclosed, and (iii) the Discovery Material is not relevant to the Debtor's case and therefore only the Committee's professionals are entitled to view the Discovery Material. None of these arguments comes close to satisfying the standard to designate the Discovery Material as "Highly Confidential."

25.     The Coop Members have no basis to assert that any Committee member would improperly disclose their financial statements in violation of the Protective Order, and such baseless speculation cannot meet the high burden to designate the Discovery Material as "Highly Confidential." *See, e.g.*, *Arvco Container Corp.*, No. 1:08–cv–548, 2009 WL 311125, at *8; *see also In re Adkins Supply, Inc.*, 555 B.R. at 591.

26.     The Coop Members' second argument is equally lacking any factual support and it rests on an implicit assertion that certain Committee members will not act in good faith or will violate an order from this Court by sharing this information with other potential tort claimants. Neither assertion has any support.

27.     Finally, although it is irrelevant to whether the Discovery Material has been properly designated as "Highly Confidential," the Committee members' ability to receive and review the Discovery Material produced by the Coop Members is relevant to the Committee's argument that the Debtor must try to collect from the Coop Members what each Coop Member has the ability to pay now (to reduce the amount of the DIP) and over the life of the DIP (to reduce the ongoing need for the DIP and assure its repayment). As designated, the Highly Confidential Discovery Material is "professional eyes only" and cannot be shared with any member of the Committee. Unless the "Highly Confidential" Discovery Material is de-designated, the Committee

12

will not be able to properly evaluate important issues in this case, including securitization and plan negotiations, because the Committee will be precluded from referring to the Coop Members' financial statements.

## II.     The Coop Members' Form 990s are not "Confidential" Information

28.     Form 990 explicitly states that it is "Open to Public Inspection." The Coop Members are required to provide Form 990 within 30 days upon a written request or on the same day if an in-person request is made.[7] *See* Internal Revenue Service, *Instructions for Form 990 Return of Organization Exempt from Income Tax: Appendix D. Public Inspection of Returns* (2020), https://www.irs.gov/pub/irs-pdf/i990.pdf. Therefore, this document cannot be designated "Confidential" under the Protective Order, much less "Highly Confidential" because under the Protective Order public information cannot be "Confidential" information. *See* Protective Order, ¶ 8(a).  As such, these documents should be de-designated from "Highly Confidential" or "Confidential" and left as "Undesignated Material."[8] To the extent the Coop Members can demonstrate that some of the information included in the Form 990s that they produced to the Committee is not or will not be public—and it is their burden to do so—the Committee agrees that information can be designated as "Confidential."

29.     Because the Coop Members cannot meet their burden as to the confidentiality of the Discovery Material and because disclosure of the Discovery Material is critical to the Committee's position that the Debtor should invoice its Coop Members, the Coop Members should

---

[7] The Committee requested the 2019 Form 990s from the Coop Members because the IRS website has experienced delays in uploading the most recent filed Form 990s and it generally takes the IRS 60 days to process specific requests for the forms.

[8] "Undesignated Material" is any document not marked "Highly Confidential" or "Confidential."

be compelled to de-designate the financial statements from "Highly Confidential" to "Confidential," and the Form 990s should be Undesignated Material.

## CONCLUSION

For the reasons set forth above, the Committee respectfully requests that the Court enter the Proposed Order granting the relief requested in this Motion, and grant the Committee such other and further relief as may be just and proper.

11096199

Dated:  June 8, 2021

Respectfully submitted,

*/s/ M. Shane Johnson*

John F. Higgins, State Bar No. 09597500
M. Shane Johnson, State Bar No. 24083263
Megan Young-John, State Bar No. 24088700
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone:  (713) 226-6000
Facsimile:  (713) 228226-6000
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

- and –

KRAMER LEVIN NAFTALIS & FRANKEL
LLP
Thomas Moers Mayer (admitted pro hac vice)
Amy Caton (admitted pro hac vice)
Jennifer Sharret (admitted pro hac vice)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
(212) 715-8000
tmayer@kramerlevin.com
acaton@kramerlevin.com
jsharret@kramerlevin.com

*Counsel to the Official Committee of Unsecured Creditors*

15

## CERTIFICATE OF CONFERENCE

I certify that I met and conferred and/or corresponded with counsel for the Coop Members on May 28, May 31, June 2, June 3, and June 4, 2021 in an effort to resolve the matters set forth in this Motion, and we have been unable to resolve those matters.

 _/s/ M. Shane Johnson_
M. Shane Johnson

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing instrument was served on June 8, 2021, via CM/ECF and via email to the addresses below:

 _/s/ M. Shane Johnson_
M. Shane Johnson

Bartlett Electric Cooperative, Inc.
c/o Vinson Elkins
Attn: Harry A. Perrin, Kiran Vakamudi, Mike Garza
1001 Fannin Street, Suite 2500
Houston, TX 77002
hperrin@velaw.com
kvakamudi@velaw.com
mgarza@velaw.com

Bartlett Electric Cooperative, Inc.
c/o Vinson Elkins
Attn: Jordan Leu, Tom Mitsch, and Emily Rhine
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
jleu@velaw.com
tmitsch@velaw.com
erhine@velaw.com

Fort Belknap Electric Cooperative, Inc.
c/o Registered Agent Rick Ickert

11096199

1302 West Main
Olney, TX 76374

Comanche County Electric Cooperative Association
c/o Vinson Elkins
Attn: Harry A. Perrin, Kiran Vakamudi, Mike Garza
1001 Fannin Street, Suite 2500
Houston, TX 77002
hperrin@velaw.com
kvakamudi@velaw.com
mgarza@velaw.com

Comanche County Electric Cooperative Association
c/o Vinson Elkins
Attn: Jordan Leu, Tom Mitsch, and Emily Rhine
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
jleu@velaw.com
tmitsch@velaw.com
erhine@velaw.com

Cook County Electric Cooperative Association d/b/a PenTex Energy
c/o Vinson Elkins
Attn: Harry A. Perrin, Kiran Vakamudi, Mike Garza
1001 Fannin Street, Suite 2500
Houston, TX 77002
hperrin@velaw.com
kvakamudi@velaw.com
mgarza@velaw.com

Cook County Electric Cooperative Association d/b/a PenTex Energy
c/o Vinson Elkins
Attn: Jordan Leu, Tom Mitsch, and Emily Rhine
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
jleu@velaw.com
tmitsch@velaw.com
erhine@velaw.com

Denton County Electric Cooperative, Inc., d/b/a CoServ Electric
McDermott Will & Emery LLP
Attn: Jane Gerber, Chuck Gibbs, and Eric Seitz
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
jagerber@mwe.com
crgibbs@mwe.com

eseitz@mwe.com

Hamilton County Electric Cooperative Association
c/o Vinson Elkins
Attn: Harry A. Perrin, Kiran Vakamudi, Mike Garza
1001 Fannin Street, Suite 2500
Houston, TX 77002
hperrin@velaw.com
kvakamudi@velaw.com
mgarza@velaw.com

Hamilton County Electric Cooperative Association
c/o Vinson Elkins
Attn: Jordan Leu, Tom Mitsch, and Emily Rhine
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
jleu@velaw.com
tmitsch@velaw.com
erhine@velaw.com

Heart of Texas Electric Cooperative, Inc.
c/o Vinson Elkins
Attn: Harry A. Perrin, Kiran Vakamudi, Mike Garza
1001 Fannin Street, Suite 2500
Houston, TX 77002
hperrin@velaw.com
kvakamudi@velaw.com
mgarza@velaw.com

Heart of Texas Electric Cooperative, Inc.
c/o Vinson Elkins
Attn: Jordan Leu, Tom Mitsch, and Emily Rhine
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
jleu@velaw.com
tmitsch@velaw.com
erhine@velaw.com

Hilco Electric Cooperative, Inc.
c/o Highes Watters Askanase
Attn: Wayne Kitchens
1201 Louisana, 28th Floor
Houston, TX 77002
wkitchens@hwa.com

J-A-C Electric Cooperative, Inc.

11096199

c/o Vinson Elkins
Attn: Harry A. Perrin, Kiran Vakamudi, Mike Garza
1001 Fannin Street, Suite 2500
Houston, TX 77002
hperrin@velaw.com
kvakamudi@velaw.com
mgarza@velaw.com

J-A-C Electric Cooperative, Inc.
c/o Vinson Elkins
Attn: Jordan Leu, Tom Mitsch, and Emily Rhine
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
jleu@velaw.com
tmitsch@velaw.com
erhine@velaw.com

Mid-South Electric Cooperative Association
c/o Bracewell LLP
Attn: Jason Cohen
711 Louisiana Street, Suite 2300
Houston, TX 77002
jason.cohen@bracewell.com

Navarro County Electric Cooperative, Inc.
Carpenter & Croft, PLLC
Attn: J. David Carpenter
7901 Fish Pond Rd Ste 210,
Waco, TX 76710
david@carpenterandcroft.com

Navasota Valley Electric Cooperative, Inc.
c/o Vinson Elkins
Attn: Harry A. Perrin, Kiran Vakamudi, Mike Garza
1001 Fannin Street, Suite 2500
Houston, TX 77002
hperrin@velaw.com
kvakamudi@velaw.com
mgarza@velaw.com

Navasota Valley Electric Cooperative, Inc.
c/o Vinson Elkins
Attn: Jordan Leu, Tom Mitsch, and Emily Rhine
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
jleu@velaw.com

11096199

tmitsch@velaw.com
erhine@velaw.com

South Plains Electric Cooperative, Inc.
PO Box 1830
Lubbock, TX 79408
c/o McGinnis Lochridge
Attn: William H. Daniel, Don Magee, and Andre M. Edge
600 Congress Avenue, Suite 211
Austin, TX 78701
wdaniel@mcginnislaw.com
dmagee@mcginnislaw.com
aedge@mcginnislaw.com

Tri-county Electric Cooperative, Inc.
c/o Forshey & Prostok, LLP
Attn: J. Robert Forshey & Jeff Prostok
777 Main Street, Suite 1550
Fort Worth TX 76102
bforshey@forsheyprostok.com
jprostok@forsheyprostok.com

United Electric Cooperative Services, Inc., d/b/a United Cooperative Services
c/o Bonds Ellis Eppich Schafer Jones LLP
Attn: J. Robertson Clarke, Joshua Eppich, and John Bonds
420 Throckmorton Street, Suite 1000
Fort Worth TX 76102
robbie.clarke@bondsellis.com
joshua@bondsellis.com
john@bondsellis.com

Wise Electric Cooperative, Inc.
c/o Vinson Elkins
Attn: Harry A. Perrin, Kiran Vakamudi, Mike Garza
1001 Fannin Street, Suite 2500
Houston, TX 77002
hperrin@velaw.com
kvakamudi@velaw.com
mgarza@velaw.com

Wise Electric Cooperative, Inc.
c/o Vinson Elkins
Attn: Jordan Leu, Tom Mitsch, and Emily Rhine
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
jleu@velaw.com

11096199

tmitsch@velaw.com
erhine@velaw.com

11096199