IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | Chapter 11 |
| | § | |
| Debtor.[1] | § | |

**APPLICATION OF THE DEBTOR FOR AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF CONTINGENCY COUNSEL,
EFFECTIVE AS OF JUNE 3, 2021, PURSUANT TO 11 U.S.C. 327(a) & 328(a)**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Brazos Electric Power Cooperative, Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case"), hereby files this application (the "Application") to employ Ted B. Lyon & Associates, the Gallagher Law Firm, and West & Associates LLP (collectively, the "Firm"), as well as the Butch Boyd Law Firm ("Butch Boyd" and Boyd Smith Law Firm ("Boyd Smith", and collectively with Butch Boyd and the Firm, the "Contingency Counsel"), as special litigation counsel pursuant to Sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), and states as follows in support of the Application:

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

4841-3884-3118.2

**RELIEF REQUESTED**

1. By this Application, the Debtor seeks entry of an order substantially in the form attached hereto (the "Proposed Retention Order") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, authorizing the retention of the Contingency Counsel, as its special litigation counsel in accordance with this Application and the terms and conditions set forth in that certain engagement letter between the Debtor and the Firm effective as of June 3, 2021 (the "Engagement Letter"), a redacted copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.[2] An unredacted copy of an addendum to the Engagement Letter (the "Addendum"), dated June 25, 2021, is attached hereto as **Exhibit B** and incorporated herein by reference. In support of the Application, the Debtor submits the (1) *Declaration of Ted B. Lyon in Support of the Application of the Debtor for an Order Authorizing the Retention Contingency Counsel, effective as of June 3, 2021* (the "Lyon Declaration"), a copy of which is attached hereto as **Exhibit C**; (2) *Declaration of Royce West in Support of the Application of the Debtor for an Order Authorizing the Retention of Contingency Counsel, effective as of June 3, 2021* (the "West Declaration"), a copy of which is attached hereto as **Exhibit D**; (3) *Declaration of Mike Gallagher in Support of the Application of the Debtor for an Order Authorizing the Retention of Contingency Counsel, effective as of June 3, 2021* (the "Gallagher Declaration"), a copy of which is attached hereto as **Exhibit E**; (4) *Declaration of Ernest W. Boyd Jr. in Support of the Application of the Debtor for an Order Authorizing the Retention of Contingency Counsel, effective as of June 3, 2021*, a copy of which is attached hereto as **Exhibit F** (the "Boyd Declaration"); and (5) *Declaration of L. Boyd Smith Jr. in Support of the Application of the Debtor for an Order Authorizing the Retention of Contingency Counsel, effective as of June 3,*

---

[2] The summary of the Engagement Letter contained in this Application is provided for informational purposes only. In the event of any inconsistency between the summary contained herein and the terms and provisions of the Engagement Letter, the terms of the Engagement Letter, as approved by the Court pursuant to the Order, shall control. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Engagement Letter.

The Debtor will file the unredacted Engagement Letter under seal in accordance with General Order 2021-1.

2

*2021* a copy of which is attached hereto as **Exhibit G** (the "Smith Declaration", and collectively with Exhibits C – F, the "Contingency Counsel Declarations").

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 7008-1, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue of this Chapter 11 Case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are Sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## BACKGROUND

6. On March 1, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. On March 15, 2021, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") formed the Official Committee of Unsecured Creditors in this Chapter

3

11 Case.  *See* Dkt. No. 216.  The Committee was reconstituted by the U.S. Trustee on March 24, 2021.  *See* Dkt. No. 285.

8. The Debtor remains in possession of its assets and continues to operate and manage its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

9. Additional information about the Debtor's business and affairs, capital structure, prepetition indebtedness, and the events leading up to the Petition Date can be found in the *Declaration of Clifton Karnei in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration") [Dkt. No. 3], which is incorporated herein by reference

## RETENTION OF THE CONTINGENCY COUNSEL

10. The Debtor along with its professionals have concluded that it is in the best interests of the estate, its creditors and all parties in interest that the Debtor retain special litigation counsel to represent the Debtor on a contingent fee basis in connection with analyzing and potentially pursuing certain causes of action it may have against certain suppliers and related parties that arose in conjunction with the events during and following the winter storm event in February 2021 known as "Winter Storm Uri" (the "Matter").

11. The employment of the Contingency Counsel is required at this time to pursue the Matter.  The Debtor believes that the Contingency Counsel is well-qualified and particularly able to serve as its special litigation counsel in this case.  The Contingency Counsel's extensive litigation background with the specific types of claims likely to be at issue in the Matter will be invaluable in assessing the options for maximizing the return to creditors in this case.

## SERVICES TO BE PROVIDED

12. Consistent with the Engagement Letter, the Contingency Counsel is expected to perform the following services: (a) preliminary investigation of the Matter, advising the Debtor with the respect to the viability of the Matter, and if so requested, filing a complaint or complaints, conducting discovery and preparing for trial, trial and prosecuting and defending any appeals, as may applicable;

and (b) interacting and coordinating with the Debtor's other professionals in furtherance of the Matter; and (c) performing any other legal services that may be appropriate in connection with the prosecution of the litigation described above. For the avoidance of any doubt, the Contingency Counsel's role will not include other aspects of the Debtor's chapter 11 bankruptcy.

## COMPENSATION

13. As more fully set forth in the Engagement Letter, a redacted copy of which is attached hereto as **Exhibit A**, the Firm has agreed to represent the Debtor based on a contingency fee. Pursuant to the Engagement Letter, the Firm shall receive as fees one-third (1/3) of the value of any settlement, judgment or other recovery, in whole or in part, as related to the Matter (the "Contingency Fee"). The Firm will advance the costs and expenses incurred by the Firm in connection with the Matter. The Firm shall first be reimbursed for any unpaid reasonable costs and expenses incurred by the Firm in connection with the Matter. If no recovery is obtained, the Debtor will have no liability for any such costs and expenses, which shall be deemed waived.[3]

14. The three law firms composing the Firm have an agreement (the "Firm Contingency Fee Allocation") amongst them to, in the event of a recovery related to the matter, divide the Contingency Fee amongst them as follows:

| | |
|---|---|
| Ted B. Lyon & Associates | 37.5% |
| The Gallagher Law Firm | 37.5% |
| West & Associates | 25% |

15. The Gallagher Law Firm has also entered into an agreement with Butch Boyd and Boyd Smith to share the Gallagher Law Firm's responsibilities with respect to the Matter and the

---

[3] As provided in the Engagement Letter and Addendum, Butch Boyd and Boyd Smith will be subject to the same treatment regarding expenses as the three law firms composing the Firm, including the treatment described in this paragraph 13.

Gallagher Law Firm's 37.5% share of the Contingency Fee (the "Gallagher Law Firm Contingency Fee Allocation") as follows:

| | |
|---|---|
| The Gallagher Law Firm | 50% (*i.e.*, 18.75% of the Firm's Contingency Fee); |
| Butch Boyd | 25% (*i.e.*, 9.375% of the Firm's Contingency Fee); |
| Boyd Smith | 25% (*i.e.*, 9.375% of the Firm's Contingency Fee). |

16. The Debtor has approved the arrangement among the Gallagher Law Firm, Butch Boyd, and Boyd Smith,[4] as it will provide more manpower and resources for pursuing the Matter without increasing the proportion of the Contingency Fee that will be paid in the event of a Recovery.

17. In the event that any of the recoveries obtained pursuant to the Engagement Letter are for attorney's fees or litigation expenses, any such amounts recovered shall be added to all other sums recovered, and the Contingency Fee will be calculated based on the total amount recovered, including attorney's fees.

18. Prior to June 3, 2021 (the "Retention Date"), the Contingency Counsel performed no services for the Debtor. Additionally, the Contingency Counsel does not hold any retainer. The Debtor believes that the Contingency Fee and expense structure is reasonable and standard. The proposed Contingency Fee structure was the subject of arms' length negotiations between the Debtor and the Firm and is comparable to the contingency fee structure that other comparable counsel would charge to do work substantially similar to the work the Contingency Counsel will perform as special litigation counsel.

### DISINTERESTEDNESS

19. To the best of the Debtor's knowledge, information and belief as of date hereof, the Contingency Counsel (a) is a "disinterested person," as such term defined in section 101(14) of the Bankruptcy Code and as required by under section 327(a) of the Bankruptcy Code and, as set forth in

---

[4] *See* Addendum attached hereto as Exhibit B.

further detail in the Contingency Counsel Declarations, (b) does not hold or represent any materially interest adverse to the Debtor's estate, its creditors for the Matter in which the Contingency Counsel is to be engaged and (c) has no connection to the Debtor, its creditor, and other parties, except as stated in the Contingency Counsel Declarations.

20. The Contingency Counsel will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Contingency Counsel will use reasonable efforts to identify such further developments and will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

21. Accordingly, the Debtor submits that the engagement and retention of the Contingency Counsel on the terms and conditions set forth herein is necessary and in the best interests of the Debtor, its estate, its creditors, and other parties in interest, and should be approved.

## BASIS FOR RELIEF

22. The proposed retention of the Contingency Counsel as special litigation counsel to the Debtor is appropriate under Bankruptcy Code section 327(a). Specifically, pursuant to section 327(a) of the Bankruptcy Code, the Debtor may:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

*See* 11 U.S.C. § 327(a).

23. The Contingency Counsel's compensation is to on a contingency fee basis as provided by Bankruptcy Code section 328(a), which provides in pertinent part:

> The trustee . . . , with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title, as the case may be, on any reasonable terms and conditions of employment, including . . . **on a contingent fee basis**.

*See* 11 U.S.C. § 328 (emphasis added).

24. Bankruptcy Rule 2014(a) requires that an application for retention include

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014.

25. The Contingency Counsel is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to Debtor's estate and has no connection to Debtor, its creditor, or other parties in interest, except as may be disclosed in the Contingency Counsel Declarations.

26. The Debtor further submits that the retention of the Contingency Counsel as special litigation counsel for the Debtor pursuant to sections 327(a) and 328 of the Bankruptcy Code is important to ensuring the Debtor will maximize recoveries to all parties in interest and successfully exit this Chapter 11 Case. In light of the Contingency Counsel's experience, the Contingency Counsel is well-positioned to represent the Debtor with respect to the Matter. Therefore, the Debtor believes that the Contingency Counsel's retention is in the best interests of the Debtor's estate and satisfies all other applicable standards for retention under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## **NOTICE**

27. Notice of this Application will be provided by first class mail and/or e-mail or facsimile to those parties on the Master Service List. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **PRAYER**

28. For the foregoing reasons, the Debtor respectfully requests that this Court enter an order substantially in the form attached to this Application, granting the relief requested in this Application, and grant the Debtor such other and further relief as may be just and proper.

Dated: June 25, 2021
Houston, Texas

           Respectfully submitted,

           FOLEY & LARDNER LLP

           */s/ Michael K. Riordan*

           Holland N. O'Neil
           State Bar No. 14864700
           Telephone: 214-999-4961
           Email: honeil@foley.com
           2021 McKinney Avenue, Suite 1600
           Dallas, Texas 75201

           -and-

           Michael K. Riordan
           State Bar No. 24070502
           1000 Louisiana, Suite 2000
           Houston, Texas 77002-5011
           Telephone: 713-276-5178
           Email: mriordan@foley.com

           **SPECIAL COUNSEL AND CONFLICTS COUNSEL TO THE DEBTOR**

**Certificate of Service**

    I do hereby certify that on June 25, 2021 a true and correct copy of the foregoing filing was served via CM/ECF to all parties authorized to receive electronic notice in this case.

                                        /s/*Michael K. Riordan*
                                        Michael K. Riordan