IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 21-30725 |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | Chapter 11 |
| | § | |
| Debtor.[1] | § | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTOR TO FILE UNDER SEAL EXHIBIT IN CONNECTION
WITH DEBTOR'S  MOTION FOR ENTRY OF AN ORDER (I) APPROVING ENTRY
INTO A CONTRACT EXTENSION AMENDMENT RELATING TO A CERTAIN
POWER PURCHASE AGREEMENT WITH THE UNITED STATES OF AMERICA
<u>PURSUANT TO SECTIONS 363 AND 105 AND (II) GRANTING RELATED RELIEF</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Brazos Electric Power Cooperative, Inc. (the "<u>Debtor</u>") files this *Motion for Entry of an Order Authorizing the Debtor to File Under Seal Exhibit in Connection with the Debtor's Motion*

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729).  Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos.  The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

*for Entry of an Order (I) Approving Entry into a Contract Extension Amendment Relating to a Certain Power Purchase Agreement with the United States of America Pursuant to Sections 363 and 105 and (II) Granting Related Relief* (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

## RELIEF REQUESTED

1. The Debtor seeks entry of an order, substantially in the form attached hereto (the "Order"): (a) authorizing the Debtor to file under seal DE-PM75-03SW00501 (as amended, "Contract-501") as an exhibit to the Debtor's *Motion for Entry of an Order (I) Approving Entry into a Contract Extension Amendment Relating to a Certain Power Purchase Agreement with the United States of America Pursuant to Sections 363 and 105 and (II) Granting Related Relief* (the "SWPA Motion")[2] and (b) directing that Contract-501 shall remain under seal and confidential and not be made available to anyone, without the prior written consent of both the Debtor and the United States of America, represented by the Secretary of Energy, acting by and through the Administrator, Southwestern Power Administration (hereinafter "Southwestern"), except to (i) the Court, (ii) the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), (iii) the Official Committee of Unsecured Creditors (on a confidential and professional eyes only basis), and (iv) any other party as may be ordered by the Court or agreed to by the Debtor and Southwestern in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtor and Southwestern that preserve the confidentiality of Contract-501 (and any information derived therefrom).

---

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings in the SWPA Motion.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue of the Debtor's case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Sections 105(a) and 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 9037-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas (the "Complex Rules").

5. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtor further confirms its consent to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

## FACTUAL BACKGROUND

6. On March 1, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On March 15, 2021, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). *See* Dkt. No. 216. The Committee was reconstituted by the U.S. Trustee on March 24, 2021. *See* Dkt. No. 285.

8. Additional information about the Debtor's business and affairs, capital structure, prepetition indebtedness, and the events leading up to the Petition Date can be found in the *Declaration of Clifton Karnei in Support of Chapter 11 Petition and First Day Motions* [Dkt. No. 3] (the "First Day Declaration"), which is incorporated herein by reference.

**BASIS FOR RELIEF**

9. The relief requested herein is supported by Sections 105(a) and 107(b) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995). This section provides, in relevant part that, "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

10. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Additionally, Bankruptcy Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

11. Commercial information is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code. *Orion Pictures*, 21 F.3d at 28; *see also In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.") (emphasis added)). Rather, section 107(b)'s protections extend to commercial information that, if disclosed to the public, could be used by various parties for an unfair advantage. Orion Pictures, 21 F.3d at 27–28. Once a court determines that a party in interest is seeking to protect "commercial information," the court "is required to protect a requesting interested party and has no discretion to deny the application." *Id*. at 27

12. The terms of the Contract-501 relevant to the relief sought in the SWPA Motion and contain information that falls within the scope of "commercial information" that must be protected pursuant to section 107(b)(1) of the Bankruptcy Code. The disclosure of the terms of Contract-501 would likely cause substantial harm to the Debtor and Southwestern, create an unfair advantage for competitors.

13. Good cause exists to authorize the Debtor to file Contract-501 under seal because of the harm that would ensue if the sensitive and confidential commercial information contained in Contract-501 became public information.

## COMPLIANCE WITH BANKRUPTCY RULE 6004(a) AND WAIVER OF BANKRUPTCY RULE 6004(h)

14. To implement successfully the relief sought herein, the Debtor requests that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances. The Debtor also requests that, to the extent applicable to the relief requested in this Motion, the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtor seeks in this Motion is necessary for the Debtor to operate its business without interruption and to preserve value for its estate. Accordingly, the Debtor respectfully submits that ample cause exists to justify the (a) finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and (b) waiving of the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## PRAYER

WHEREFORE, the Debtor respectfully requests that the Court enter an order, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

Dated: June 29, 2021
Houston, Texas

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: */s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
Julie G. Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: jason.boland@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com
Email: maria.mokrzycka@nortonrosefulbright.com

Michael M. Parker (SBT 00788163)
Steve A. Peirce (SBT 15731200)
111 West Houston Street, Suite 1800
San Antonio, TX  78205
Telephone: (210) 270-7179
Facsimile:  (210) 270-7205
Email: michael.parker@nortonrosefulbright.com
Email: steve.peirce@nortonrosefulbright.com

-and-

Louis R. Strubeck, Jr. (SBT 19425600)
O'MELVENY & MYERS LLP
2501 North Harwood Street
Dallas, Texas 75201
lstrubeck@omm.com
(972) 360-1925

PROPOSED CO-COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION