IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| BRAZOS ELECTRIC POWER | § | CASE NO. 21-30725 (DRJ) |
| COOPERATIVE, INC., | § | |
| | § | |
| Debtor.[1] | § | |

**STATEMENT OF ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

TO THE HONORABLE DAVID R. JONES, CHIEF U.S. BANKRUPTCY JUDGE:

Electric Reliability Council of Texas, Inc. ("ERCOT") files this *Statement* (the "Statement") to *Debtor's Motion for Entry of An Order Extending the Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 816] (the "Exclusivity Motion"), and in support thereof respectfully states as follows:

## I.    PRELIMINARY STATEMENT

1.    ERCOT does not oppose the relief requested in the Exclusivity Motion.  While a 120 day extension of the exclusivity periods may be appropriate, substantial clear progress should be made towards a confirmable plan framework during such time.  Such tangible progress will be beneficial not only for the Debtor, its creditors, and its member coops, but also for the ERCOT market.  The Debtor's approximately $1.9 billion in monetary defaults to ERCOT comprises approximately two-thirds of the short payments to ERCOT related to the February 2021 Winter Weather Event.  The amount of the Debtor's monetary defaults to ERCOT is

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number is 4729.  Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos.  The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

**STATEMENT OF ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF TO MOTION TO EXTEND EXCLUSIVITY PERIODS**
Page 1

4847-4574-7186v.3 012761.00004

disproportionate to the Debtor's share of the market. The Debtor, through its member coops, does not provide two-thirds of the power in the ERCOT market. The passage of time will not alter the fact that ERCOT's claim against the Debtor must be promptly cured in connection with assumption of the executory contracts between ERCOT and the Debtor in order for the Debtor to continue participating in the ERCOT market. Accordingly, prompt and consensual resolution of issues related to confirmability of a plan will be the best result for all parties.

## II.     ERCOT BACKGROUND

2.      In 1999, the Public Utility Regulatory Act (the "PURA") was amended to require the Public Utility Commission of Texas (the "PUC") to certify an "independent organization" to among other roles, ensure "that electricity production and delivery are accurately accounted for among the generators and wholesale buyers and sellers in the region." TEX. UTIL. CODE § 39.151(a).

3.      The PUC designated ERCOT as the independent organization mandated by PURA. 16 TEX. ADMIN. CODE § 25.361(b). ERCOT's unique role includes managing the flow of electric power for the bulk power system in the ERCOT Region to approximately 26 million Texas end-use customers. ERCOT also performs financial settlement for the competitive wholesale bulk power market, and administers retail switching for nearly 8 million premises.

4.      ERCOT is a Texas non-profit corporation that acts as an arm of state government. It is subject to the "complete authority" of the PUC, with oversight from the Texas legislature. *See* TEX. UTIL. CODE § 39.151(d). ERCOT's members represent seven market segments: (a) consumers, (b) cooperatives, (c) independent generators, (d) independent power markets, (e) independent retail electric providers, (f) investor-owned utilities, and (g) municipals.

**STATEMENT OF ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF TO MOTION TO EXTEND EXCLUSIVITY PERIODS**
Page 2

4847-4574-7186v.3 012761.00004

5.      ERCOT does not own, operate, or have enforcement authority over any power generation facilities or any electric transmission or distribution lines or substations.  ERCOT does not sell or send bills for retail electricity to residences or businesses.  Nor does ERCOT control or operate electric service at the distribution, local, neighborhood, or individual levels.  And ERCOT does not establish pricing or rates for retail electric customers and does not have any direct customer relationships.  ERCOT's roles and responsibilities are statutorily prescribed by PURA.

6.      In connection with its operation of the wholesale electricity market, ERCOT has a statutory obligation to "ensure that electricity production and delivery are accurately accounted for among the generators and wholesale buyers and sellers" in the ERCOT footprint.  TEX. UTIL. CODE § 39.151(a)(4).  ERCOT fulfills that obligation by accepting payments from buyers of electricity, with ERCOT retaining a sufficient amount to cover costs.  *Id*. at § 39.151(e).  ERCOT essentially serves as the clearinghouse for market transactions between electricity buyers and sellers, ensuring that electricity production, scheduling, and downstream delivery are ultimately timely and accurately accounted for and provided.  ERCOT Protocols at § 1.2(1)(d).

7.      The rules and policies governing the ERCOT wholesale market are set forth in the ERCOT Nodal Protocols (the "ERCOT Protocols").[2]  The ERCOT Protocols, which provide the framework for the administration of the ERCOT market, have the force and effect of state law. *See PUC v. Constellation Energy Commodities Grp.*, 351 S.W.3d 588, 594-95 (Tex.App. –

---

[2] The "ERCOT Protocols" are defined as follows: "the document adopted by ERCOT, including any attachments or exhibits referenced in that document, as amended from time to time, that contains the scheduling, operating, planning, reliability, and Settlement (including Customer registration) policies, rules, guidelines, procedures, standards, and criteria of ERCOT.  For the purposes of determining responsibilities and rights at a given time, the ERCOT Protocols, as amended in accordance with the change procedures(s) described in the ERCOT Protocols, in effect at the time of the performance or non-performance of an action, shall govern with respect to that action."  The ERCOT Protocols are voluminous and may be found at http://www.ercot.com/mktrules/nprotocols/current.

**STATEMENT OF ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF TO MOTION TO EXTEND EXCLUSIVITY PERIODS**

Austin, pet. denied) ("ERCOT protocols are rules that provide the framework for the administration of the Texas electricity market," and as administrative rules, "have the force and effect of statutes").

### III.    PROCEDURAL BACKGROUND

8.      On March 1, 2021 (the "<u>Petition Date</u>"), the Debtor filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Code, §§ 101, *et seq.* (as amended, the "<u>Bankruptcy Code</u>"), thereby initiating the above-captioned bankruptcy case (collectively, the "<u>Bankruptcy Case</u>").

9.      The Debtor is a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

10.     On March 15, 2021, the United States Trustee formed the Official Committee of Unsecured Creditors in the Bankruptcy Case.

11.     On June 28, 2021, the Debtor filed the Exclusivity Motion seeking 120 day extensions of the exclusivity periods provided for in 11 U.S.C. § 1121(c).

### IV.    STATEMENT

12.     On June 14, 2021, ERCOT, the largest unsecured creditor of the bankruptcy estate, timely filed its proof of claim in the Bankruptcy Case in the amount of $1,899,152,990.64 (the "<u>ERCOT POC</u>").[3]   ERCOT asserts that $1,877,591,506.10 of the ERCOT POC is an administrative priority claim pursuant to 11 U.S.C. § 503(b)(9).

13.     ERCOT and the Debtor are parties to a Standard Form Market Participant Agreement, effective as of April 1, 2015 (the "<u>SFA</u>").  ERCOT and the Debtor are also parties to

---

[3] In the Addendum attached to and specifically incorporated into the ERCOT POC, ERCOT specifically reserved the right to amend or supplement the ERCOT POC.  As reflected in the ERCOT Protocols, RTM True-Up Settlement Statements are posted 180 calendar days after an Operating Day.  Accordingly, there are true-ups that take place well after the Operating Day to which they relate.

**STATEMENT OF ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF TO MOTION TO EXTEND EXCLUSIVITY PERIODS**
**Page 4**

4847-4574-7186v.3 012761.00004

a Standard Form Emergency Response (ERS) Supplement to the Brazos SFA, effective as of May 6, 2015 (the "Supplement").  The SFA as supplemented by the Supplement is referred to herein as the "Brazos SFA".  ERCOT and the Debtor are parties to an ERCOT Private Wide Area Network (WAN) Agreement, dated January 1, 2012 (the "Private WAN Agreement").  The Brazos SFA establishes the terms and conditions by which ERCOT and Brazos discharge their respective duties and responsibilities under the ERCOT Protocols.  Section 5 of the Brazos SFA specifically states that "[Brazos] shall comply with and be bound by, all ERCOT Protocols."  Brazos SFA § 5.A.

14.     The ERCOT Protocols govern the rights, obligations and responsibilities of ERCOT and participants in the ERCOT market, including the Debtor.  In order to continue to participate in the ERCOT market post-confirmation, the Debtor must assume the Private WAN Agreement and the Brazos SFA, which includes the assumption of the ERCOT Protocols.

15.     It is a fundamental requirement of the Bankruptcy Code that, in order to assume an executory contract, at the time of assumption the debtor must be able to cure or provide adequate assurance that it will promptly cure all defaults under the existing contract(s) in question, with certain exceptions inapplicable here.  11 U.S.C. § 365(b)(2)(a).

16.     It is also a fundamental requirement of the Bankruptcy Code that, in order to meet the requirements of 11 U.S.C. § 1129(a)(9), unless a holder has agreed to different treatment of its claim, on the effective date of the plan a holder of a 503(b)(9) claim must receive cash equal to the allowed amount of its claim.

**STATEMENT OF ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF TO MOTION TO EXTEND EXCLUSIVITY PERIODS**
**Page 5**

4847-4574-7186v.3 012761.00004

17.     Accordingly, whether through payment at confirmation as a § 503(b)(9) claim or as a required cure payment upon assumption, ERCOT's approximately $1.9 billion claim must be paid promptly upon confirmation of a plan.

18.     On June 18, 2021, Texas Senate Bill 1580 ("S.B. 1580") was signed into law. S.B. 1580 provides a mechanism for electric cooperatives like the Debtor "to use securitization financing to recover extraordinary costs and expenses due to the abnormal weather events that occurred in this state in the period beginning 12:00 a.m., February 12, 2021, and ending at 11:59 p.m., February 20, 2021." TEX. UTIL. CODE § 41.151(a).

19.     Additionally, Section 41.151(b) of S.B. 1580 provides as follows:

(b) A cooperative that owes the independent organization certified under Section 39.151, Utilities Code, for the ERCOT power region amounts incurred as a result of operations during the period beginning 12:01 a.m. February 12, 2021, and ending at 11:59 p.m. February 20, 2021, shall:

(1) use all means necessary to securitize the amount owed the independent organization, calculated solely according to the protocols of the independent organization in effect during the period of emergency promulgated subject to the approval of the commission; and

(2) fully repay the amount described by Subdivision (1) immediately upon receipt of the securitized amount along with any additional amounts necessary to fully satisfy the amount owed.

20.     Accordingly, S.B. 1580 requires cooperatives such as the Debtor to (i) use "all means necessary to securitize the amount they owe [ERCOT]" as a result of their operations during Winter Storm Uri, and (ii) calculate the amount they owe ERCOT "solely according to the protocols of [ERCOT] in effect during the period of emergency promulgated subject to the approval of the commission."

**STATEMENT OF ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF TO MOTION TO EXTEND EXCLUSIVITY PERIODS**
Page 6

4847-4574-7186v.3 012761.00004

21.     With the passage into law of S.B. 1580, the Debtor now has the tools to advance this case towards a hopefully consensual plan of reorganization.  While S.B. 1580 is not the only exit financing alternative available to the Debtor, it is one vehicle that must be utilized to provide a path to finance an emergence from bankruptcy, in the event the Debtor is unable to secure other financing to pay ERCOT in full.   ERCOT hopes that substantial progress towards the formulation of a confirmable plan will be made during the additional 120 day time period.

Dated: July 17, 2021                          Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  ___/s/ Kevin M. Lippman_____
    Kevin M. Lippman
    Texas Bar No. 00784479
    Deborah M. Perry
    Texas Bar No. 24002755
    500 N. Akard Street, Suite 3800
    Dallas, Texas 75201
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

ATTORNEYS FOR ELECTRIC RELIABILITY
COUNCIL OF TEXAS, INC.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned caused a true and correct copy of the foregoing Statement to be served via electronic notice upon the parties who receive electronic notice in this case pursuant to the Court's ECF filing system, on the 17th day of July, 2021.

        /s/ Deborah M. Perry
        Deborah M. Perry

**STATEMENT OF ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF TO MOTION TO EXTEND EXCLUSIVITY PERIODS**
**Page 8**

4847-4574-7186v.3 012761.00004