United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 15, 2021
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | Chapter 11 |
| | § | |
| Debtor.[1] | § | |

## ORDER (I) AUTHORIZING ENTRY INTO AMENDED BSCEC AGREEMENTS AND (II) GRANTING RELATED RELIEF
### [RELATES TO DKT. NO. 1147]

Upon consideration of the motion (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order") authorizing the Debtor's entry into the BSCEC Amendments and granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court having found that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

[2] All capitalized terms used but not defined herein shall have the meaning provided in the Motion.

of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The BSCEC Amendments are approved and the Debtor is authorized to enter into the BSCEC Amendments pursuant to Bankruptcy Rule 9019, as well as Section 363 of the Bankruptcy Code, with all terms and conditions of the BSCEC Amendments incorporated by reference herein, it being the intention of the Court to approve each of them in this Order, subject to paragraph 4 herein. Any objections or reservations of rights in respect of the Limited Waiver Amendment, BSCEC Amendments, the Motion or the relief requested therein are hereby denied and overruled. For the avoidance of doubt, any payment or credit (cash or otherwise) made in accordance with or pursuant to this Order or the BSCEC Amendments is hereby approved and any payment or credit (cash or otherwise) made in accordance with or pursuant to this Order or the BSCEC Amendments shall not be subject to challenge, including under or in accordance with paragraph 15 of the Final Cash Management Order at Dkt. No. 334.

2. Pursuant to Bankruptcy Rule 9019, as well as Section 363 of the Bankruptcy Code, the Debtor is authorized to enter into, perform, execute, and deliver all documents, and to take all actions, necessary to immediately and/or fully implement and perform under the BSCEC Amendments in accordance with the terms, conditions, and agreements set forth therein, all of which are hereby approved, subject to paragraph 4 herein.

3. In furtherance of the foregoing and without further approval of this Court, the automatic stay imposed by section 362 of the Bankruptcy Code is hereby lifted and/or modified, to the extent necessary and applicable (without admission of its applicability), to permit BSCEC and/or the BSCEC Noteholders (or the Trustee), as applicable, (a) to perform all acts and enforce all rights and remedies pursuant to the Limited Waiver Amendment and (b) to declare a

"Termination Event" pursuant to the Intercompany Waiver Amendment. The preceding sentence shall not limit or impair the ability of the BSCEC Noteholders (or the Trustee) to collect payment from or to enforce any rights, remedies, or obligations against BSCEC, which collection or rights, remedies and obligations against BSCEC are not subject to the Court's jurisdiction or section 362 of the Bankruptcy Code. For the avoidance of doubt, paragraphs 2 and 3 of the Second Reaffirmation Agreement do not make any claim or obligation under the Brazos Contracts an administrative expense claim if it otherwise would not be (but the priority of any claim or obligation that constitutes an administrative expense claim shall be unaffected by this Order.

4. Notwithstanding any other provision of this Order or the Debtor's continued performance under the BSCEC Amendments,

> a. nothing shall limit the ability of the Debtor (and subject to the rights and defenses of the BSCEC Noteholders (and the Trustee) and BSCEC, all of which are reserved and preserved) to seek to reject any of the Brazos Contracts to which the Debtor is a party and to the extent any of such agreements are an executory contract (other than, during the Limited Waiver Period, providing 45 days' prior notice to the BSCEC Noteholders (and the Trustee) and/or BSCEC).
>
> b. nothing shall constitute the Debtor's assumption pursuant to Section 365 of the Bankruptcy Code (express, deemed or otherwise) of any of the Brazos Contracts absent further order of the Court; and
>
> c. solely during the Limited Waiver Period, no Bankruptcy Defaults (as hereinafter defined) shall be grounds for BSCEC or the BSCEC Noteholders to terminate the BSCEC Amendments or Limited Waiver Amendment or to require Brazos Electric to post "Purchaser Security" under Section 14.4 of the PPA for failure to maintain a Credit Rating (as defined in the PPA) at or above Investment Grade (as defined in the PPA), but all rights are reserved to do so at any time the Limited Waiver Period is terminated or otherwise no longer in effect as if this subsection (d) of this Order did not exist.
>
>> i. "Bankruptcy Defaults" means, each of the following events, to the extent they have constituted, or in future constitute, a default or event of default by the Debtor under a Brazos Contract, or Operative Agreement: (i) the Debtor's filing of a petition for relief under chapter 11 of the Bankruptcy Code, (ii) the commencement

and continuation of such proceeding in a manner that does not cause a breach or default under the Limited Waiver Amendment or the BSCEC Amendments, (iii) the defaults, including payment and collateral posting defaults, under the Debtor's agreements with ERCOT that led to the Debtor's bankruptcy filing, (iv) the statements made by the Debtor specific to the foregoing events or changes in the Debtor's credit ratings resulting therefrom, (v) the Debtor's failure to post security as required under the Brazos Contracts solely as a result of its no longer being investment grade rated, and (vii) failure by the Debtor or BSCEC to give notice of any of the foregoing.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry and are binding on all parties in interest.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: October 14, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**