IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 21-30725 |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | Chapter 11 |
| | § | |
| Debtor.[1] | § | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) FURTHER EXTENDING THE TIME WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Brazos Electric Power Cooperative, Inc. (the "Debtor") files this *Motion for Entry of an Order (I) Further Extending the Time Within Which the Debtor May Remove Actions and (II) Granting Related Relief* (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

104362463v3

**RELIEF REQUESTED**

1. The Debtor seeks entry of an order, substantially in the form attached hereto (the "Order"), extending the deadline to remove actions (the "Removal Deadline") for a period of one hundred and twenty (120) days, through and including May 27, 2022.[2]

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue of the Debtor's case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein is Section 1452 of title 28 of the United States Code (the "Judicial Code"), Federal Rules of Bankruptcy Procedure 9006 and 9027 (the "Bankruptcy Rules"), Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Complex Case Procedures.

5. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtor further confirms its consent to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

**FACTUAL BACKGROUND**

6. On March 1, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor

---

[2] The current removal deadline is January 27, 2022. Rule K.30 of the Procedures for Complex Cases in the Southern District of Texas provides that "if a motion is filed that complies with these procedures to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules, or a confirmed plan, the time for taking the action is automatically extended until the Court rules on the motion." By filing this Motion prior to the expiration of the Removal Deadline, such deadline is automatically extended until the Court resolves this Motion.

104362463v3

has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On March 15, 2021, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). *See* Dkt. No. 216. The Committee was reconstituted by the U.S. Trustee on March 24, 2021. *See* Dkt. No. 285.

8. Additional information about the Debtor's business and affairs, capital structure, prepetition indebtedness, and the events leading up to the Petition Date can be found in the *Declaration of Clifton Karnei in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration") [Dkt. No. 3], which is incorporated herein by reference.

9. On May 28, 2021, the Debtor filed its initial *Motion for Entry of an Order (I) Extending the Time Within Which the Debtor May Remove Actions and (II) Granting Related Relief* (the "First Removal Extension Motion") [Dkt. No. 693], seeking entry of an order extending the removal deadline.

10. On June 28, 2021, the Court granted the First Removal Extension Motion [Dkt. No. 818], extending the deadline through and including September 29, 2021, without prejudice to the Debtor's right to seek further extensions of the removal deadline.

11. On September 27, 2022, the Debtor filed its *Motion for Entry of an Order (I) Further Extending the Time Within Which the Debtor May Remove Actions and (II) Granting Related Relief* (the "Second Removal Extension Motion"), seeking entry of an order extending the removal deadline.

12. On November 15, 2021, the Court granted the Second Removal Extension Motion, extending the deadline through and including January 27, 2022 (the "Current Deadline") [Dkt. No. 1289], without prejudice to the Debtor's right to seek further extensions of the Current Deadline.

104362463v3

**BASIS FOR RELIEF**

13. Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

14. Bankruptcy Rule 9027(a)(2) sets forth the time period for filing notices to remove claims or causes of actions and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. P. 9027(a)(2).

15. With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> [O]nly within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

FED. R. BANKR. P. 9027(a)(3).

104362463v3

16. Bankruptcy Rule 9006(b)(1) further provides that the Court may extend certain unexpired time periods, such as the Debtor's Removal Deadline, without notice, upon a showing for cause:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

FED. R. BANKR. P. 9006(b)(1).

### Cause Exists to Extend the Removal Deadline

17. Cause exists to extend the Removal Deadline in this case from the current deadline of January 27, 2022, to and including May 27, 2022. It is well settled that the Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Courts in this district and other districts have regularly granted relief similar to that requested herein. *See, e.g., In re Gulfport Energy Corp. al.*, No. 20-35562 (DRJ) (Bankr. S.D. Tex. Jan. 26, 2021) (granting an additional 120-day extension without prejudice to the debtors' ability to seek additional extension); *In re Valaris PLC et al.*, No. 34114 (MI) (Bankr. S.D. Tex. April 16, 2021) (same); *In re EP Energy Corp.*, No. 19-35654 (MI) (Bankr. S.D. Tex. Feb. 10, 2020) (same); *In re Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex. Dec. 2, 2020) (same); *In re Weatherford Int'l plc,* No. 19-33694 (DRJ) (Bankr. S.D. Tex. Sept. 26, 2019) (same).

18. As the parties and the Court are aware, this case is extraordinarily complex. The unprecedented consequences of Winter Storm Uri, including the pricing of power charged by ERCOT, were devastating to the Debtor, its Members, and their customers.

104362463v3

19. Given these complexities and the Debtor's substantial efforts to date, the Court extended the Debtor's exclusive periods for filing and soliciting a chapter 11 plan through March 28, 2022 and May 25, 2022, respectively [Dkt. No. 1393].

20. Further, in addition to the pending ERCOT claim objection adversary proceeding (the "ERCOT Claim Objection"), since filing this Chapter 11 Case the Debtor has, among other things, (a) obtained Court approval of important procedural and operational relief; (b) secured $350 million of post-petition financing on exceptionally favorable terms; (c) established the Advisory Committee to advise the Debtor's management and board of directors on designated issues; (d) engaged in months of all-encompassing diligence, analysis, negotiation, and working with various parties in interest, including the Committee, the Members, ERCOT, market participants, and others; and (e) taken other necessary critical steps to stabilize and ensure operations while in Chapter 11.

21. The Debtor and its professionals are also in the process of reviewing and reconciling numerous proofs of claim filed against the Debtor. To this point, more than 700 proofs of claim were filed against the Debtor, 28 of which arise out of sales of natural gas to the Debtor in the period shortly before the Petition Date (collectively, the "Natural Gas Claims"). The Natural Gas Claims alone total approximately $180 million, and the Debtor has recently initiated an adversary proceeding challenging the amounts and priorities of these proofs of claim.

22. In addition to the ERCOT Claim Objection and the Gas-Supplier Claim Objections, the Debtor is also addressing a number of other significant claims. Such efforts include the retention of special counsel (McKool Smith P.C.) to investigate hundreds of millions of dollars in claims asserted by the Debtor's prepetition interest-rate-swap counterparties, and informal

discovery is underway. The Debtor and its professionals are also reviewing and analyzing approximately 270 proofs of claim filed by alleged tort claimants.

23. Further, the Debtor has retained JP Morgan Securities LLC ("JPMS"), subject to this Court's approval, in connection with evaluating potential structuring transactions as part of the Debtor's overall plan exit strategy. Diligence in connection with this process and analysis by JPMS is well underway. JPMS is currently holding town hall meetings with the Debtor's cooperative members.

24. Accordingly, despite the Debtor's efforts, at this stage, prior to the adjudication of the ERCOT Claim, reconciliation and/or resolution of material additional proofs of claim, and filing and approval of a plan, the Debtor is not able to determine what (if any) pending civil actions should be removed.

25. The Debtor is party to several civil actions (collectively, the "Civil Actions"). The Debtor's analysis regarding which, if any, of these Civil Actions it may seek to remove depends on a number of factors, including but not limited to: (i) the importance of the Civil Action to the resolution of this case, (ii) the relationship between the Civil Action to the matters to be considered in this case, (iii) the presence of federal subject matter jurisdiction, and (iv) the timing required to complete the Civil Action in its current venue.

26. An extension of the Removal Deadline will afford the Debtor an opportunity to make more fully informed decisions concerning the removal of any Civil Action, and will assure that the Debtor and its estate do not forfeit the valuable rights afforded to the Debtor under 28 U.S.C. § 1452. Therefore, the Debtor believes that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a) for filing notices of removal from the Current Deadline of January 27, 2022 for approximately 120 days, through and including May 27, 2022.

104362463v3

Furthermore, an extension would not prejudice the rights of the Debtor's adversaries in the Civil Actions because any party to an action that is removed may seek to have the action remanded to state court pursuant to 28 U.S.C. § 1452(b).

27. The Debtor further requests that the order approving this Motion be without prejudice to (i) any position the Debtor may take regarding whether section 362 of the Bankruptcy Code applies to stay any given Civil Action pending against any of the Debtor and (ii) the right of the Debtor to seek further extensions of the Current Removal Deadline.

28. For the reasons stated above, the Debtor submits that cause exists to grant this Motion, and that the relief requested herein is appropriate and in the Debtor's and its estate's best interests.

## NOTICE

29. Notice of this Motion will be provided by first class mail and/or e-mail or facsimile to those parties on the Master Service List and the parties to the Civil Actions. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## PRAYER

WHEREFORE, the Debtor respectfully requests that the Court enter an order, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

*[Reminder of Page Intentionally Left Blank]*

104362463v3

Dated: January 27, 2022
      Houston, Texas

                                      Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: /s/ Jason L. Boland
Jason L. Boland (SBT 24040542)
Julie G. Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: jason.boland@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com
Email: maria.mokrzycka@nortonrosefulbright.com

Steve A. Peirce (SBT 15731200)
111 West Houston Street, Suite 1800
San Antonio, TX 78205
Telephone: (210) 270-7179
Facsimile: (210) 270-7205
Email: steve.peirce@nortonrosefulbright.com

*Counsel for the Debtor*
*and Debtor in Possession*

O'Melveny & Meyers LLP
Louis R. Strubeck (SBT 194256000)
2501 North Harwood Street
Dallas, Texas 75201
Email: lstrubeck@omm.com
Telephone: (927) 360-1925

*Co-Counsel for the Debtor*
*and Debtor in Possession*

104362463v3