IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC.,[1] | § § § § | Case No. 21-30725 |
| Debtor. | § § § | |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC, et al., | § § § § | Adversary Proceeding 21-03863 (DRJ) |
| Plaintiff / Intervenor-Plaintiffs, | § § § | |
| v. | § § | |
| ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., et al., | § § § § § | |
| Defendant / Intervenor-Defendants. | § § § | |

**MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR AN ORDER SUPPLEMENTING THE
PROCEDURES FOR DESIGNATION OF DOCUMENTS AS "HIGHLY
CONFIDENTIAL" AND "CONFIDENTIAL"[2]**
[Relates to Bankr. Dkt. No. 521 and Adv. Dkt. No. 51]

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

[2] This Motion is being filed in both the main chapter 11 case and the ERCOT Adversary Proceeding.

1

13266950

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT https://ecf.txsb.uscourts.gov/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee Of Unsecured Creditors (the "Committee") of Brazos Electric Power Cooperative, Inc. (the "Debtor") files this *Motion for an Order Supplementing the Procedures for Designation of Documents as "Highly Confidential" and "Confidential"* (the "Motion") and respectfully shows the Court as follows:

## PRELIMINARY STATEMENT

1. The Committee, representing the interests of a multitude of unsecured creditors (including suppliers, revolver lenders, swap creditors, trade creditors and tort claimants) needs full disclosure of information to fulfill its fiduciary duties. In addition, this case is of great public interest. The outcome of the ERCOT Adversary Proceeding will determine the amount and manner in which the Debtor will pay ERCOT's asserted claim. The outcome of this chapter 11 case (and the votes of member cooperative board members elected by their customers) will also determine the manner in which the Debtor will pay over $1 billion of claims filed by over 1,000 creditors.

2. Section 107(a) of the Bankruptcy Code requires that all papers and exhibits filed in this case must be available to the public unless the Court orders otherwise under Section 107(b).[3] However, over-designation of documents as "highly confidential" or "confidential" has turned the

---

[3] Unless otherwise indicated, all Section references are to sections of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

13266950

statute on its head: pleadings and exhibits are routinely withheld from the public until after a hearing is over, and then disclosed only if a party objects to their continued sealing and/or designation as confidential.

3. The result: public court hearings are opaque, if not incomprehensible, because argument, testimony and rulings are based on "designated" documents that are withheld from the public without a finding otherwise required under Section 107(b).

4. In addition, the current method of serving the unredacted versions of pleadings to the protective order parties, without explanation as to what is designated confidential vs. highly confidential, has caused undue delays in parties being able to share information with their clients on even a confidential basis.

5. At the time the Committee agreed to the existing Protective Orders, it did not anticipate the level of over-designation in public filings or the issues in obtaining consent to transmit information to its Committee. The Committee therefore seeks entry of an order, substantially in the form attached hereto (the "Proposed Order"):

(a) requiring a party to confer with the Debtor, the Committee (and if applicable, ERCOT or another designating party) on the reason for designating documents as "Confidential" or "Highly Confidential" prior to filing redacted pleadings;

(b) requiring a party to confer with the Debtor, the Committee (and if applicable, ERCOT or another designating party), on the reason for designating evidence or testimony as "Confidential" or "Highly Confidential" prior to the start of such hearing; and

(c) requiring a party designating information as "Highly Confidential" to state its reasons therefore and related procedures facilitating the ability to share "Confidential" information with the Committee members (and other parties to the protective order who are authorized to review "Confidential" information).

3

## JURISDICTION

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this Motion is sought pursuant to the Protective Order, sections 105(a) and 107(b) of the Bankruptcy Code, and Rules 7026, 7034, 7037, and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

7. On March 1, 2021, the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtor is a non-profit electric cooperative corporation organized under the laws of the state of Texas pursuant to Section 161.059 of the Texas Utilities Code.

8. On March 15, 2021, the United States Trustee for the Southern District of Texas appointed the Committee, and the Committee was reconstituted on March 24, 2021 [Bankr. Dkt. No. 285]. The members of the Committee are: (i) MUFG Bank, Ltd., (ii) Pension Benefit Guaranty Corporation, (iii) Stefano Russolillo, and (iv) Leslie Hixson.

A. **Existing Protective Orders.**

9. On May 6, 2021, the Court entered the Confidentiality Agreement and Stipulated Protective Order [Bankr. Dkt. No. 521] (the "General Protective Order") between the Committee and the Debtor and other parties who sign onto the General Protective Order. The General Protective Order governs the disclosure or exchange of all information and documents, and provides the procedure for designating such material as "Confidential" or "Highly Confidential." *See* General Protective Order, ¶¶ 8(a) and (b). "Highly Confidential" information cannot be distributed to the Committee members. *See* General Protective Order, ¶ 14. Additionally, the

party receiving the information and documents can raise an objection to the "Confidential" or "Highly Confidential" designation by email. *See* General Protective Order, ¶ 27.

10. On October 1, 2021, the Court entered the Confidentiality Agreement and Stipulated Protective Order [Adv. Dkt. No. 51] (the "<u>ERCOT Adversary Proceeding Protective Order</u>") (together with the General Protective Order, the "<u>Protective Orders</u>")[4], between the Debtor, the Committee, ERCOT, the PUCT and other parties who sign onto the ERCOT Adversary Proceeding Protective Order. The ERCOT Adversary Proceeding Protective Order governs the disclosure or exchange of information and documents and the procedures for designating such materials as "Confidential" or "Highly Confidential" in the ERCOT Adversary Proceeding. *See* ERCOT Adversary Protective Order, ¶ 7. Additionally, the party receiving the information and documents can raise an objection to the "Confidential" or "Highly Confidential" designation by email. *See* ERCOT Adversary Proceeding Protective Order, ¶ 26.

11. Whereas Discovery Material produced in connection with the Adversary Proceeding is governed by the ERCOT Adversary Proceeding Protective Order, Diligence Material (as defined in the General Protective Order) and other Discovery Material produced by the Debtor or other parties to the Committee unrelated to the ERCOT Adversary Proceeding is governed by the General Protective Order. *See* ERCOT Adversary Proceeding Protective Order, ¶ 6.

12. Under both the General Protective Order and the ERCOT Adversary Proceeding Protective Order, a producing party may designate Discovery Material as "Confidential" if it reasonably believes that it contains information that should be protected under the Bankruptcy

---

[4] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Protective Orders.

Rules or the Federal Rules, is subject to a legally protected right of privacy or a confidentiality agreement with a third party or has been designated by a third party as confidential or proprietary. Confidential information may be reviewed by principals but may not be disclosed to the public.

13. A producing party may designate Discovery Material as "Highly Confidential" if, in addition to the requirements for "Confidential" designation, disclosure of the information would threaten competitive injury.[5] "Highly Confidential" information may not be reviewed by clients (even if client review could not conceivably threaten competitive injury) – it may only be reviewed by the client's professionals.

14. The Protective Orders each provide that that any party to the order may object in writing to the designation of material as "Confidential" or "Highly Confidential." If all other parties fail to agree to "de-designation" within 48 hours, the objecting party can move the Court on an emergency basis for "de-designation."[6] Any party seeking to maintain the "Confidential" or "Highly Confidential" information has the burden of proving that the designated information meets the requirements of Section 107(b).

B.     **Practice of Designation in This Case.**

15. As described in the Committee's emergency motion to de-designate certain information, there has been voluminous discovery in this case and at the outset, almost all of the discovery, deposition testimony and expert reports have either a designation of "Confidential" or "Highly Confidential." and many substantive pleadings were filed under seal or with extensive

---

[5] The ERCOT Adversary Proceeding Protective Order also has a designation of material deemed sensitive or classified that could pose a risk to national security.

[6] The ERCOT Adversary Proceeding Protective Order also provides that a party shall not request a hearing to occur less than 48 hours from when any motion for de-designation is filed as this window is designed to allow the parties time to provide notice to affected third parties, if any.

6

13266950

redactions.  It is the over-designation of documents that leads the Committee to file this Motion to supplement the procedures in the Protective Orders.

16. Up until very recently, the parties have been operating such that documents previously marked as "Confidential" or "Highly Confidential" remain as such without any further explanation.  Most parties do not reconsider whether any of the documents they are filing in fact meet the standard for sealing under Section 107 of the Bankruptcy Code and instead file swaths of pleadings and exhibits with extensive redactions.

17. The Committee has taken steps to correct this practice.  Prior to filing its objections to the claims of Tri-County and CoServ, the Committee reached out to the Debtor to confirm whether certain exhibits could be filed publicly.  At the time, the Debtor agreed that some could be filed publicly but some would need to remain under seal. (Since that time, and in connection with the Committee's emergency motion to de-designate certain information, both the Debtor, Tri-County and CoServ have agreed all the previously redacted information can be unsealed).  When the Committee filed its motion for summary judgment on Count 8 in the ERCOT Adversary Proceeding, it first reached out to the Debtor, ERCOT and PUCT with a list of deposition transcript references (not the pleading itself) to obtain their consents to reference those excerpts without redaction.

18. The Committee is pleased that certain parties have followed suit and have reconsidered their previous designation before filing pleadings or reached out to the designating party for consent to file the reference unredacted.  However, the practice is not uniform and the Committee submits that the existing Protective Orders need to be supplemented to formalize this process.

19. In addition, at the conclusion of the January 31, 2022 hearing on the motions for summary judgment in the ERCOT Adversary Proceeding, the Committee raised the issue of sealing documents. The Court stated:

> This has bothered me a lot and I'm glad that you brought it up. Here's what I'm going to propose to everyone going forward. That if there is a document to be sealed, that you include a certificate of conference in the pleading that just says I have consulted with obviously any party that believes that it contains information that requires sealing, but at a minimum the Debtor ERCOT and the Committee. And if you will just put that in a certificate, I will know that there's an issue. If there's not an issue, then I obviously am not going to try to look behind it. Does that look for everybody? All right.

Summary Judgment Hr'g Tr. 173:10-20 (January 31, 2022).

20. The Committee understood that this instruction related to all future filings and proceedings – in both the main chapter 11 case and the ERCOT Adversary Proceeding. The Committee proposes the attached order to implement this instruction.

21. In addition to other obvious concerns, the parties' approach to filing documents under seal has too often prevented Committee advisors from sharing information with the Committee members promptly (and the Committee understands that other advisors have faced similar issues with their clients). After filing a document under seal or with redactions, the party would email counsel to the protective order with a copy of the unredacted version without any explanation as to what portion(s) of the filing was Confidential vs. Highly Confidential. Committee counsel would then ask the parties to identify who made the designations and whether they are Confidential or Highly Confidential. There would often be no responses to this inquiry for several hours. When Committee counsel finally obtained a list of underlying references, it would then need to obtain permission to disclose the pleadings to Committee members on a confidential basis only after objecting to the "Highly Confidential" designations. (The Committee does not believe that in any of these instances the initial "Highly Confidential" designation was

8

appropriate; the Committee members are not in competition with the Debtor or any creditor and thus disclosure of the pleadings to the Committee members could in no way threaten "competitive injury" to any party).

22. This often meant that the Committee members were not able to see the unredacted version of filings until after filing of the document. The Committee expects that much of the delay is attributable to the fact that the filing party – relying too heavily on the crutch of over-redactions – was not pre-assembling a comprehensive list of the nature of the designation of deposition transcripts and exhibits or making significant attempts to confer with parties who made the designation prior to filing.

23. On January 3, 2022, Committee counsel sent a draft of an order proposing revised protocols to Debtor's counsel. Counsel to the Debtor and the Committee continued to discuss a workable set of protocols. On January 20, 2022, Committee counsel emailed all parties to the Protective Orders requesting the implementation of a new designation protocol (as set forth in this Motion) as it relates to "Highly Confidential" designations. Some parties (but not all) have followed these requests.

24. On February 8, 2022, Committee counsel emailed all parties to the Protective Orders a proposed order to implement the requested protocols. The Committee held meet and confers with multiple case parties on both February 9, 2022 and February 10, 2022. As of the filing of this Motion, the Committee understands that the Debtor is amenable to the substance of the revised protocols (subject to tweaks it may have) but other case constituents have not agreed to the revised protocols.

## ARGUMENT

25. Under Section 107(a) of the Bankruptcy Code, all pleadings and exhibits filed with the Court must be available to the public unless the Court finds that it is "a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). The bankruptcy court may only protect from the disclosure of information that would give "an unfair advantage to competitors by providing them with information as to commercial operations of the debtor," and "disclosure of the information must reasonably be expected to cause the entity commercial injury." *See In re Alterra Healthcare Corp.,* 353 B.R. 66, 75 (Bankr. D. Del. 2006) (holding that information in settlement agreement was not confidential commercial information because it did not relate to the debtor's commercial operations nor did it unfairly advantage competitors) (internal citations omitted); *In re Global Crossing, Ltd.,* 295 B.R. 720, 725-26 (Bankr. S.D.N.Y. 2003) (holding that the purpose behind Section 107(b)(1) and the relevant portion of Bankruptcy Rule 9018 is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury by giving an unfair advantage to competitors); *Motors Liquidation Co. Avoidance Action Trust v. JPMorgan Chase Bank, N.A.* (*In re Motors Liquidation Co.*), 561 B.R. 36, 42 (Bankr. S.D.N.Y. 2016) (holding that party moving for sealing order did not meet burden of showing that the information is confidential, which requires an "extraordinary circumstance or compelling need" to obtain protection, where party only produced conclusory statements regarding the information's commercial importance); *In re North Bay Gen.l Hosp., Inc.,* 404 B.R. 429, 443 (Bankr. S.D. Tex. 2009) (granting motion to unseal under Bankruptcy Rule 9018 because the presumption of public access under Section 107(a) of the Bankruptcy Code was never rebutted).

13266950

26. Furthermore, under Rule 26(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, those who seek to avoid disclosure of commercial information by a protective order bear a heavy burden to demonstrate that disclosure will work a clearly defined and very serious injury. *See Citicorp v. Interbank Card Ass'n*, 478 F. Supp. 756, 765 (S.D.N.Y. 1979); *see also Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889 (E.D. Pa. 1981) ("Analysis of protective orders issued under Rule 26 [designed to protect trade secrets or other confidential research] requires three lines of inquiry.  First, is a matter sought to be protected "a trade secret or other confidential research, development, or commercial information" which should be protected?  Second, would disclosure of such information cause a cognizable harm sufficient to warrant a protective order?  Third, has the party seeking protection shown "good cause" for invoking the court's protection?").  In addition, Local Rule 9037-1 discourages the sealing of documents.

27. The "Highly Confidential" designation "should be reserved for only those rare instances in which it is truly justified, *i.e.,* when there is a real expectation and entitlement to confidentiality under the law that has been preserved and not waived, and there is no other effective alternative." *Ragland v. Blue Cross Blue Shield of N.D.,* No. 1:12–CV–080, 2013 WL 3776495, at *2 (D.N.D. June 25, 2013) (citing case law where strict criteria for "attorneys' eyes only" designation not met); *see also Gillespie v. Charter Communications,* 133 F. Supp. 3d 1195, 1201–02 (E.D. Mo.. 2015) ("Requiring an 'attorneys' eyes only' designation is a drastic remedy given its impact on the party entitled to the information, in that it prevents a party from reviewing documents with counsel, and can hamper the ability of the party to present his or her case.").

### A.     <u>Procedure for Filing or Introducing Material under Seal Should be Modified.</u>

28.     There is great public interest in disclosure of pleadings, exhibits and other documents filed or offered in evidence in this chapter 11 case and its related adversary proceedings. However, the prior over-designation of documents in this case has led to unworkable situation when pleadings are about to be filed or there is a hearing. Case parties are not uniformly re-assessing whether documents or testimony in fact satisfy the criteria as "Confidential" or "Highly Confidential" and should be sealed under Section 107. As a result, pleadings contain substantial redactions, denying the public the right to view filings in a timely manner and actively participate at the hearings, which is counter to Section 107 of the Bankruptcy Code.

29.     Accordingly, with respect to filing pleadings that rely on previously designated "Confidential" or "Highly Confidential" documents the Committee proposes the following procedures:

    a. If a party intends to file a redacted pleading under seal because it has designated the redacted material as either "Highly Confidential" or "Confidential," such party shall use reasonable best efforts (i) to the extent feasible, first confer with the Debtor, the Committee or their respective successors-in-interest (and if such pleading is in the ERCOT Adversary Proceeding, with ERCOT, and if such pleading includes sealed information of another party to the Protective Order, with such party), and provide a written explanation on the basis of such designation in accordance with the standards set forth under Section 107 of the Bankruptcy Code and (ii) include a certificate of such conference in the pleading. If the filing party is unable to confer with the above parties before filing, such party shall do so as soon as reasonable practicable after filing and subsequently file the certificate of conference. Any party may raise an issue with the designation of sealed information, with the Court to consider any issues with respect to the designation prior to or at the hearing.

    b. If a party files a redacted pleading under seal because another party has designated the redacted material as either 'Highly Confidential" or "Confidential," the filing party shall use reasonable best efforts (i) to the extent feasible, first confer with the designating party, the Debtor, the Committee or their respective successors-in-interest (and if such pleading is in the ERCOT Adversary Proceeding, with ERCOT, and if such pleading

12

includes sealed information of another party to the Protective Order, with such party), with a request that the designating party provide a written explanation on the basis of such designation in accordance with the standards set forth under Section 107 of the Bankruptcy Code and (ii) include a certificate of such conference in the pleading. If the filing party is unable to confer with the above parties before filing, such party shall do so as soon as reasonable practicable after filing and subsequently file the certificate of conference. The designating party shall promptly provide a written explanation on the basis of such designation in accordance with the standards set forth under Section 107 of the Bankruptcy Code. Any party may raise an issue with the designation of sealed information with the Court to consider any issues with respect to the designation prior to or at the hearing.

30. Prior to a hearing, the Committee wants to encourage and full and open record and therefore proposes the following procedures:

   a. For any future hearing, if a party seeks to introduce an exhibit, evidence or testimony that is under seal, such party shall, contemporaneously or as soon as reasonably practical after the filing of the exhibit and witness list, confer with the Debtor and the Committee or their respective successors-in-interest (and if such hearing is in the ERCOT Adversary Proceeding, with ERCOT and if such evidence includes sealed information of another party to the Protective Order, with such party), and (x) if they are the designating party, provide a written explanation on the basis of such designation in accordance with the standards set forth under Section 107 of the Bankruptcy Code or (y) if they are not the designating party, request that the designating party provide a written explanation on the basis of such designation in accordance with the standards set forth under Section 107 of the Bankruptcy Code. Such written explanation by the designating party shall be provided as soon as reasonably practicable after the filing of the witness and exhibit list. The party filing the witness and exhibit list including sealed information shall file a certificate of such conference prior to the hearing. Any party may raise an issue with the designation of sealed information, with the Court to consider any issues with respect to the designation prior to or at the hearing.

**B.  Procedure for Designating Material as "Highly Confidential" Should be Modified.**

31. Throughout this case, the Debtor and other parties-in-interest have designated materials or filed documents with the Court with "Highly Confidential" designations. The Committee is not aware of any instance where information that was designated as "Highly

Confidential" and redacted with the Court in fact met the burden of being information that would result in a clearly defined and very serious injury if disclosed to the Committee.

33. In fact, the "Highly Confidential" information withheld from Committee members is often critical for the Committee to direct its professionals and fulfill its fiduciary duties to maximize the recoveries of unsecured creditors in this case.

33. Furthermore, none of the Committee members are competitors of the Debtor, the member cooperatives or any trade creditor – as such, there is no way that disclosure to Committee members of information heretofore designated as "Highly Confidential" could pose any threat of competitive injury.

34. Notwithstanding this, time and again, parties have filed documents with the Court and then served the unredacted version of the documents with "Highly Confidential" (or sometimes ambiguous) designations, requiring the Committee professionals to jump through several hoops in order to share the pleadings with its client. This blanket designation (without regard to whether it in fact meets the requirements) unfairly shifts the burden to the Committee. *See Cipollone v. Liggett*, 113 F.R.D. 86, 93–94 (D.N.J. 1986) (finding that blanket confidentiality designations by a defendant "place[] an undue and unnecessary burden upon [the] plaintiff."). The Committee submits that parties over-designate materials as "Highly Confidential" without any justification, and indeed without serious consideration as to whether disclosure of such materials actually does threaten competitive injury, because it is easy – there is no requirement for the designating party to provide a reason for the designation.

35. The Committee therefore requests that the procedures when filing documents with materials designated as "Highly Confidential" be amended to provide as follows:

- Any party redacting material in a document shall file the redacted pleading on the public docket and contemporaneously serve an unredacted copy of the pleading to

14

13266950

counsel of signatories to the Protective Orders, and shall also include with specificity which references are "Highly Confidential" or "Confidential" and which party made such designation.

    a. If a party files a redacted pleading because it has designated the redacted material as "Highly Confidential," such party shall provide to counsel to parties to the Protective Orders, promptly upon request by such counsel, either (a) consent to such counsel's disclosing the redacted material to such counsel's client as "Confidential" (if permitted under the Protective Orders) or (b) a written statement explaining the basis of such designation in accordance with the standards set forth under Section 107 of the Bankruptcy Code.

    b. If a party files a redacted pleading because another party has designated the redacted material as "Highly Confidential," such identified designating party or parties shall provide to counsel to parties to the Protective Orders, promptly upon request by such counsel, either (a) consent to such counsel's disclosing the redacted material to such counsel's client as "Confidential" (if permitted under the Protective Orders), or (b) a written statement explaining the basis of such designation in accordance with the standards set forth under Section 107 of the Bankruptcy Code.

## RESERVATION

36.    The Committee strongly urges all parties to carefully consider whether information needs to be redacted in any fashion in the future and to not designate as "Confidential" any information that it expects to file with the Court without stating a reason therefore. The Committee reserves the right to seek further adjustments of the protocols to the extent necessary.

## CONCLUSION

37.    For the reasons set forth above, the Committee respectfully requests that the Court enter the Proposed Order granting the relief requested in this Motion, and grant the Committee such other and further relief as may be just and proper.

Dated: February 11, 2022

        Respectfully submitted,

        **PORTER HEDGES LLP**

        */s/ John F. Higgins*
        John F. Higgins (TX 09597500)
        Eric D. Wade (TX 00794802)
        Heather K. Hatfield (TX 24050730)
        M. Shane Johnson (TX 24083263)
        PORTER HEDGES LLP
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        Telephone: (713) 226-6000
        Facsimile: (713) 228226-6000
        jhiggins@porterhedges.com
        ewade@porterhedges.com
        hhatfield@porterhedges.com
        sjohnson@porterhedges.com

        - and –

        **KRAMER LEVIN NAFTALIS & FRANKEL LLP**
        Thomas Moers Mayer (admitted *pro hac vice*)
        Amy Caton (admitted *pro hac vice*)
        Jennifer Sharret (admitted *pro hac vice*)
        Ronald S. Greenberg (admitted *pro hac vice*)
        Seth F. Schinfeld (admitted *pro hac vice*)
        Nancy M. Bello (admitted *pro hac vice*)
        1177 Avenue of the Americas
        New York, New York 10036
        (212) 715-9100
        (212) 715-8000
        tmayer@kramerlevin.com
        acaton@kramerlevin.com
        jsharret@kramerlevin.com
        rgreenberg@kramerlevin.com
        sschinfeld@kramerlevin.com
        nbello@kramerlevin.com

        *Counsel to the Official Committee of Unsecured Creditors*

13266950

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 11, 2022 a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

                                              */s/ John F. Higgins*
                                              John F. Higgins

13266950