IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| BRAZOS ELECTRIC POWER COOPERATIVE INC., | § § § § | Case No. 21-30725 (DRJ) |
| Debtor. | § § | |

**JOINT EMERGENCY MOTION FOR RECONSIDERATION OF SCHEDULING ORDER REGARDING OFFICIAL UNSECURED CREDITORS COMMITTEE'S (I) OBJECTION TO TRI-COUNTY ELECTRIC COOPERATIVE, INC.'S PROOFS OF CLAIM [DOCKET NO. 1359] AND (II) OBJECTION TO DENTON COUNTY ELECTRIC COOPERATIVE, INC.'S PROOF OF CLAIM [DOCKET NO. 1377]**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 2:00 P.M. ON MARCH 30, 2022.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 30, 2022 AT 2:00 PM IN COURTROOM 400, FLOOR 4, 515 RUSK, HOUSTON, TX 77002.**

**YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE JONE'S CONFERENCE ROOM NUMBER IS 205691. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE JONE'S HOME PAGE. THE MEETING CODE IS "JUDGEJONES". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JONE'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

TO THE HONORABLE DAVID R. JONES, CHIEF U.S. BANKRUPTCY JUDGE:

Electric Reliability Council of Texas, Inc. ("ERCOT") and the Public Utility Commission of Texas ("PUCT") (collectively, the "Movants") file this *Joint Emergency Motion for Reconsideration of Scheduling Order Regarding Official Unsecured Creditors Committee's*

*(I) Objection to Tri-County Electric Cooperative, Inc.'s Proofs of Claim [Docket No. 1359] and (II) Objection to Denton County Electric Cooperative, Inc.'s Proof of Claim [Docket No. 1377]* (the "Motion"), and in support would respectfully show as follows:

## I.  EMERGENCY RELIEF REQUESTED

1. On March 10, 2022, the Court entered its *Scheduling Order Regarding Official Unsecured Creditors Committee's (I) Objection to Tri-County Electric Cooperative, Inc.'s Proofs of Claim [Docket No. 1359] and (II) Objection to Denton County Electric Cooperative, Inc.'s Proof of Claim [Docket No. 1377]* (the "Scheduling Order") [Dkt. No. 1605]. Included in the Scheduling Order is the following provision:

> The Parties, including their members, employees, and any professionals retained by the Parties, including industry advisors, financial advisors, accounting advisors, experts, consultants, and outside counsel (and each of their respective staff), shall have access to materials designated (i) Confidential and Highly Confidential under Paragraphs 13 and 14, respectively, of the *Confidentiality Agreement and Stipulated Protective Order* [Dkt. No. 521] (the "Main Case Protective Order") and (ii) Confidential and Highly Confidential under Paragraphs 12 and 13, respectively, of the *Confidentiality Agreement and Stipulated Protective Order* [Adv. Pro. No. 21-03863, Dkt. No. 51] (the "ERCOT Adversary Protective Order"), only as necessary to assist with or make decisions with respect to the Claims and the Claim Objections.

Scheduling Order at ¶ 4.

2. The above language removes heavily negotiated restrictions in the ERCOT Adversary Protective Order on who may have access to Highly Confidential Materials, which include sensitive commercial and resource-specific information concerning and belonging to other ERCOT Market Participants. Because Highly Confidential Materials include such sensitive commercial information, the ERCOT Adversary Protective Order specifically limited access to such Materials to outside counsel and external advisors of parties bound to that order, whereas Confidential Materials were available to the parties' own employees. Yet the language of the

4871-4285-3654v.1

Scheduling Order appears to permit the members and employees of Scheduling Order parties[1] to access Highly Confidential Material, erasing the distinction between Highly Confidential Material and Confidential Material.  Accordingly, the Movants respectfully request that the Court modify the Scheduling Order by (i) removing the reference to Highly Confidential Material[2] under Paragraph 13 of the ERCOT Adversary Protective Order and (ii) clarifying that access to Highly Confidential Material produced in the ERCOT Adversary Proceeding (defined below) remains subject to the restrictions listed in Paragraph 13 of the ERCOT Adversary Proceeding Protective Order.

## II.   BACKGROUND

3. On March 1, 2021, Brazos Electric Power Cooperative, Inc. ("Brazos" or the "Debtor") filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Code, §§ 101, et seq., thereby initiating the Bankruptcy Case.

4. On August 18, 2021, the Debtor filed its *Complaint Objecting to ERCOT's Proof of Claim and Other Relief*, thereby commencing Adversary Proceeding No. 21-03863 (the "ERCOT Adversary Proceeding").

5. On October 1, 2021, ERCOT, the Official Committee of Unsecured Creditors of Brazos Electric Power Cooperative, Inc. (the "Committee"), and the Debtor entered into that certain ERCOT Adversary Protective Order, which governs the disclosure or exchange of all Discovery Material (as defined in the ERCOT Adversary Protective Order) by any party to any other party.

---

[1] The parties to the Scheduling Order are Brazos Electric Power Cooperative, Inc., the Official Committee of Unsecured Creditors of Brazos Electric Power Cooperative, Inc., Tri-County Electric Cooperative, Inc., and Denton County Electric Cooperative, Inc., d/b/a CoServ Electric.
[2] Capitalized terms used herein that are not defined shall have the same meaning ascribed to such terms in the ERCOT Adversary Protective Order.

6. On December 7, 2021 and December 10, 2021, respectively, the Committee filed its (i) objection to Tri-County Electric Cooperative, Inc.'s ("Tri-County") Proofs of Claim Nos. 401 and 409 (collectively, the "Tri-County Claim") [Dkt. No. 1359] (the "Tri-County Claim Objection") and (ii) objection to Denton County Electric Cooperative, Inc., d/b/a CoServ Electric's ("CoServ") Proof of Claim No. 421 (the "CoServ Claim,") [Dkt. No. 1377] (the "CoServ Claim Objection"), which the Debtor joined [Dkt. No. 1471].

7. On March 10, 2022, the Court entered the Scheduling Order regarding the Tri-County Claim Objection and the CoServ Claim Objection in the Bankruptcy Case, which modifies the ERCOT Adversary Proceeding Protective Order with respect to access to Highly Confidential Material produced in the ERCOT Adversary Proceeding.

### III.   ARGUMENT

8. ERCOT files this Motion pursuant to Bankruptcy Rule 9024, incorporating Federal Rule of Civil Procedure 60(b), which authorizes a party to seek relief from an order for, among other things, "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Furthermore, since the Scheduling Order modifies the ERCOT Adversary Proceeding Protective Order, ERCOT files this Motion pursuant to Bankruptcy Rule 7054, incorporating Federal Rule of Civil Procedure 54 in adversary proceedings. Federal Rule of Civil Procedure 54(b) states that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).

9. In reliance on the ERCOT Adversary Protective Order, both ERCOT and the PUCT produced Highly Confidential Material, which includes sensitive commercial and resource-specific information in its possession that belongs to and concerns ERCOT Market Participants other than Brazos. The restriction in the ERCOT Adversary Proceeding Protective Order on who may have access to Highly Confidential Material was heavily negotiated. ERCOT is mandated by

4871-4285-3654v.1

the ERCOT Protocols, which have the force and effect of state law, to protect sensitive Market Participant information in its possession. ERCOT produced sensitive third-party information in the Brazos Adversary Proceeding with the understanding that it would remain protected. In fact, prior to producing Highly Confidential Material ERCOT issued a Market Notice alerting Market Participants of the Highly Confidential designation after it raised concerns about the production of sensitive information. *See Supplemental Notice of Intended Disclosure of Protective Information*, dated September 21, 2021 (*https://www.ercot.com/services/comm/mkt_notices/archives*).

10. The Scheduling Order removes the heavily negotiated restrictions in the ERCOT Adversary Protective Order by now allowing, among others, the members and employees of the Debtor, Tri-County and CoServ to have access to any Highly Confidential Material produced in the ERCOT Adversary Proceeding. *See* Scheduling Order at ¶ 4. This would collapse the distinction between Highly Confidential Material and Confidential Material in the ERCOT Adversary Protective Order.

11. Despite its impact on the ERCOT Adversary Protective Order, there was no notice of this Scheduling Order in the ERCOT Adversary Proceeding. Neither ERCOT, the PUCT nor, to the best of ERCOT's knowledge, any other market participant (other than Brazos, Tri-County and CoServ) were given a meaningful opportunity to raise valid concerns regarding the expansive language described above.

12. Pursuant to the ERCOT Adversary Protective Order, only "upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order." ERCOT Adversary Protective Order ¶ 32. The Protective Order's modification to the ERCOT Adversary Procedure Order did not comply with these

4871-4285-3654v.1

procedures. Instead, there was no "good cause shown" to amend the ERCOT Adversary Protective Order. Further, ERCOT and the PUCT were not provided notice in the ERCOT Adversary Proceeding regarding the intent to amend the ERCOT Adversary Protective Order to allow broader access to Highly Confidential Material.

13. For these reasons, Movants respectfully request that the Court reconsider the Scheduling Order and enter a new scheduling order removing reference to Highly Confidential Material under Paragraph 13 of the ERCOT Adversary Protective Order and clarifying that access to Highly Confidential Material produced in the ERCOT Adversary Proceeding remains subject to the restrictions listed in paragraph 13 of the ERCOT Adversary Proceeding Protective Order. To the extent the Parties believe that Highly Confidential information is "necessary to assist with or make decisions with respect to the Claims and the Claim Objections" they have the ability to provide notice to ERCOT or the PUCT and request the information be de-designated or allowed to be provided to their employees.

WHEREFORE, Movants respectfully requests that the Court (i) reconsider the Scheduling Order, (ii) enter a new scheduling order removing reference to Highly Confidential Material under Paragraph 13 of the ERCOT Adversary Protective Order and clarifying that access to Highly Confidential Material produced in the ERCOT Adversary Proceeding remains subject to the restrictions listed in paragraph 13 of the ERCOT Adversary Protective Order, and (iii) grant Movants such other and further relief to which it may be justly entitled.

[*Remainder of page intentionally left blank*]

4871-4285-3654v.1

Respectfully Submitted March 17, 2022

| **MUNSCH HARDT KOPF & HARR, P.C.** | **OFFICE OF THE ATTORNEY GENERAL OF TEXAS** |
|---|---|
| By: */s/ Kevin M. Lippman*<br>Kevin M. Lippman<br>Texas Bar No. 00784479<br>klippman@munsch.com<br>Deborah Perry<br>Texas Bar No. 24002755<br>dperry@munsch.com<br>John Cornwell<br>Texas Bar No. 24050450<br>jcornwell@munsch.com<br>Jamil N. Alibhai<br>Texas Bar No. 00793248<br>jalibhai@munsch.com<br>Ross H. Parker<br>Texas Bar No. 24007804<br>rparker@munsch.com<br><br>3800 Ross Tower<br>500 N. Akard Street<br>Dallas, Texas 75201-6659<br>Telephone: (214) 855-7500<br>Facsimile: (214) 855-7584 | By: */s/ Jason B. Binford*<br>JASON B. BINFORD<br>Texas State Bar No. 24045499<br>S. Dist. Bar No. 574720<br>LAYLA D. MILLIGAN<br>Texas State Bar No. 24026015<br>S. Dist. Bar No. 38000<br>AUTUMN D. HIGHSMITH<br>Texas State Bar No. 24048806<br>S. Dist. Bar No. 597383<br>Office of the Attorney General of Texas<br>Bankruptcy & Collections Division<br>P. O. Box 12548 MC008<br>Austin, Texas 78711-2548<br>Telephone: (512) 463-2173<br>Facsimile: (512) 936-1409<br>jason.binford@oag.texas.gov<br>layla.milligan@oag.texas.gov<br>autumn.highsmith@oag.texas.gov<br><br>***Counsel to the Public Utility Commission of Texas*** |

**WINSTEAD PC**
Elliot Clark
Texas Bar No. 24012428
eclark@winstead.com
Ron H. Moss (pro hac vice motion to be filed)
Texas Bar No. 14591025
rhmoss@winstead.com
401 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 370-2800
Facsimile: (512) 370-2850

***Counsel to Defendant Electric Reliability Council of Texas, Inc.***

4871-4285-3654v.1

**CERTIFICATE OF SERVICE**

I certify that on March 17, 2022, I caused a copy of the foregoing document to be served via CM/ECF on all counsel of record.

By: /s/ *Grant M. Beiner*
Grant M. Beiner

4871-4285-3654v.1