UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC., ) | Case No. 21-30725 |
| Debtor. ) | |

**PRELIMINARY OBJECTION OF SIEMENS ENERGY, INC. TO CHAPTER 11 PLAN OF REORGANIZATION OF BRAZOS ELECTRIC POWER COOPERATIVE, INC.**

Siemens Energy, Inc. ("SEI"), by counsel, for the *Preliminary Objection of Siemens Energy, Inc. to Chapter 11 Plan of Reorganization of Brazos Electric Power Cooperative, Inc.* (the "SEI Preliminary Objection"), respectfully states as follows.

## I. PRELIMINARY STATEMENT

SEI objects to the Plan because: (1) the Debtor has failed to fulfill its burden to properly notify SEI regarding the relief requested therein relating to SEI; and (2) the Debtor has failed to fulfill its burden under 11 U.S.C. § 365 to provide: (a) the curing of all defaults owed to SEI; (b) compensation to SEI for actual pecuniary loss resulting from such defaults; and (c) adequate assurance of future performance owed to SEI.[1] SEI asks the Court to deny confirmation of the Plan because it seeks to modify SEI's rights without complying with all requirements under the Bankruptcy Code and Bankruptcy Rules.

## II. STATEMENT OF FACTS

1. On March 1 2021, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court, thereby commencing the above-captioned bankruptcy case.

2. On September 13, 2022, the Bankruptcy Court entered an order [Dkt. No. 2271]: authorizing the Debtor to solicit votes on the *Chapter 11 Plan of Reorganization of Brazos Electric Power Cooperative, Inc.* [Dkt. No. 2263] (as may be amended, the "Plan").

---

[1] Capitalized terms used in the Preliminary Statement but not defined therein have the meanings assigned elsewhere in the SEI Preliminary Objection.

3.  On October 24, 2022, the Debtor filed its *Notice of Filing of Plan Supplement* [Dkt. No. 2460] (as may be amended, the "Plan Supplement"). In the Plan Supplement, the Debtor proposed to assume certain agreements with SEI (collectively, the "SEI Assumed Contracts") listed in pertinent part as follows:

| Counterparty | Description of Assumed Contract or Lease | Cure Cost |
|---|---|---|
| Siemens Energy Inc. | Johnson County Long Term Maintenance Program Contract | $ 134,564.82 |
| Siemens Energy Inc. | Open Purchase Order - Adder To Base Scope 1: | $ - |
| Siemens Energy Inc. | Open Purchase Order - Adder To Base Scope 2: | $ - |
| Siemens Energy Inc. | Open Purchase Order - Contingency | $ - |
| Siemens Energy Inc. | Open Purchase Order - Cost For Balancing Engineer | $ - |
| Siemens Energy Inc. | Open Purchase Order - Estimated Freight-Contingency | $ - |
| Siemens Energy Inc. | Open Purchase Order - Estimated Shipping Charges | $ - |
| Siemens Energy Inc. | Open Purchase Order - Nde Borescope/Visual | $ 9,800.00 |
| Siemens Energy Inc. | Open Purchase Order - Onsite Tfa For Rhsv Actuator | $ - |
| Siemens Energy Inc. | Open Purchase Order - P3R72380466801 | $ 3,265.62 |
| Siemens Energy Inc. | Open Purchase Order - P3R72380467803 | $ - |
| Siemens Energy Inc. | Open Purchase Order - P3Rw 549608 | $ - |
| Siemens Energy Inc. | Open Purchase Order - Rev 1: Repair Reheat Stop Vlv | $ - |
| Siemens Energy Inc. | Open Purchase Order - Rev.01 For 4 48Vdc Circuit | $ - |
| Siemens Energy Inc. | Open Purchase Order - Rev.01 For 8 48Vdc Circuit | $ - |
| Siemens Energy Inc. | Open Purchase Order - Rev1: See Ewa 001 , Extra Work | $ - |
| Siemens Energy Inc. | Open Purchase Order - Rhsv Actuator And Control | $ - |
| Siemens Energy Inc. | Open Purchase Order - Unit #4 Tear Down & Inspect | $ 600,000.00 |

Plan Supplement, Exh. A, line numbers 318-335. Also, in the Plan Supplement, the Debtor also proposed to reject the following agreement with SEI (the "SEI Rejected Contract") listed in pertinent part as follows:

| Debtor | Counterparty | Description of Rejected Contract or Lease |
|---|---|---|
| Brazos Electric Power Cooperative, Inc. | Siemens Energy Inc. | Open Purchase Order - Expediting Fee |

*Id.*, Exh. B, line number 176.

### III.  ARGUMENT

**A. This Court Should Deny Confirmation of the Plan Because the Debtor Has Failed to Fulfill Its Burden to Notify SEI Regarding the Relief Requested Therein.**

SEI asks the Court to deny confirmation of the Plan because of due process concerns, which are especially acute in the context of executory contracts as reflected in the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"). For example, Bankruptcy Rule 9014 requires that "reasonable notice and opportunity for hearing

2

shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014. Further, Bankruptcy Rule 6006(f) provides in pertinent part that a motion to assume or assign multiple executory contracts or unexpired leases that are not between the same parties shall:

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
> (2) list parties alphabetically and identify the corresponding contract or lease;
> (3) specify the terms, including the curing of defaults, for each requested assumption or assignment; [and]
> (4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment[.]

Fed. R. Bankr. P. 6006(f)(1)-(4); *see also National Gypsum Co.*, 208 F.3d 498, 512 (5th Cir. 2000) ("[C]ourts require strict adherence to the requirements of [Bankruptcy Code] § 365 and [Bankruptcy] Rules 6006 and 9014 out of 'concern with protecting unknowing [contractual partners] from the consequences of an assumption of which they had no notice and which [they] had no opportunity to contest.'") (internal citations omitted).

Here, the Debtor's Plan Supplement does not properly notify SEI regarding the relief requested in the Plan as required by the Bankruptcy Code and Bankruptcy Rules.[2] The prefix "Open Purchase Order" in seventeen (17) of the eighteen (18) SEI Assumed Agreements as well as the SEI Rejected Agreement does not provide SEI with adequate notice regarding what is proposed to be assumed or rejected.[3] Thus, the Court should deny confirmation of the Plan because the Debtor has failed to fulfill its burden to notify SEI regarding the relief requested therein relating to SEI.[4]

---

[2] In response to SEI contacting the Debtor regarding this concern, the Debtor has provided certain additional information that is presently being reviewed by SEI.

[3] The prefix "Open Purchase Order" in the SEI Assumed Contracts and the SEI Rejected Contract can be interpreted to suggest that the Debtor seeks to assume less than all of an executory contract even though a debtor must assume an entire contract *cum onere*, *i.e.* "both the obligations and the benefits of the executory contract." *Century Indem. Co. v. NGC Settlement Trust (In re National Gypsum Co.)*, 208 F.3d 498, 506 (5th Cir. 2000).

[4] Thus, SEI also objects on due process grounds to the Plan's language on page 72 purporting to vest the Debtor with the unilateral right "to alter, amend, modify, or supplement the Assumed and Rejected Contract Schedules,

## B. This Court Should Deny Confirmation of the Plan Because the Debtor Has Failed to Fulfill Its Burdens Under 11 U.S.C. § 365.

SEI also asks the Court to deny confirmation of the Plan because the Debtor has failed to fulfill its burdens under Bankruptcy Code § 365, which the Fifth Circuit has strictly construed given that the section "effectively force[s] another party to an executory contract to continue to perform under the contract." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1310 (5th Cir. 1985). As the Fifth Circuit has explained:

> If the debtor has defaulted under the contract, however, the debtor may not assume the contract unless the debtor, *inter alia,* cures the default or provides adequate assurance that it will do so. One purpose served by this requirement is "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance."

*Quantum Diversified Holdings, Inc. v. Wienheimer (In re Escarent Entities, L.P.)*, 423 Fed. Appx. 462, 465 (5th Cir. 2011) (internal citations omitted).

In order to ensure that non-debtor parties obtain the "full benefit of their bargain," Bankruptcy Code § 365(b)(1) requires that a party seeking assumption of a contract in default must: (A) cure (or provide adequate assurance that the party will cure) each such default; (B) compensate (or provide adequate assurance that the party will compensate) the non-debtor party for actual pecuniary loss resulting from each such default; and (C) provide adequate assurance of future performance thereunder. 11 U.S.C. § 365(b)(1). Further, Bankruptcy Code § 365(f)(2) requires that a party seeking assignment of a contract must provide adequate assurance of future performance by the proposed assignee, whether or not there has been a default thereunder. 11 U.S.C. § 365(f)(2).

---

including to add or remove any Executory Contracts and Unexpired Leases, at any time up to and including the Effective Date," and the Plan's proposed language on page 73 that "[a]ny Proofs of Claim Filed with respect to an Executory Contract or Unexpired Lease that has been assumed shall be deemed disallowed and expunged, without further notice … upon payment of the applicable Cure Claim."

In the Plan, the Debtor has failed to fulfill its burden to provide: (a) the curing of all defaults owed to SEI as required by 11 U.S.C. § 365(b)(1)(A); (b) compensation to SEI for actual pecuniary loss resulting from such defaults as required by 11 U.S.C. § 365(b)(1)(B); and (c) adequate assurance of future performance owed to SEI as required by 11 U.S.C. § 365(b)(1)(C) and 11 U.S.C. § 365(f)(2)(B).

1. The Debtor Has Failed to Fulfill Its Burden to Provide for the Curing of All Defaults Owed to SEI as Required by 11 U.S.C. §365(b)(1)(A).

The Fifth Circuit Court of Appeals has interpreted Bankruptcy Code § 365(b)(1)(A) to require addressing all defaults (both monetary and non-monetary) before assumption. *See Quantum Diversified Holdings, Inc. v. Wienheimer (In re Escarent Entities, L.P.)*, 423 Fed. Appx. 465 (5th Cir. 2011). Here, the Debtor has not properly disclosed its agreements with SEI, thus failing to establish that the Debtor has cured each default thereunder as required by 11 U.S.C. § 365(b)(1)(A).

2. The Debtor Has Failed to Fulfill Its Burden to Provide Compensation to SEI for Actual Pecuniary Loss as Required by 11 U.S.C. § 365(b)(1)(B).

Further, this Court has interpreted the requirement of "actual pecuniary loss" to include all amounts required to make the counterparty whole. *See In re Eagle Bus Mfg., Inc.*, 148 B.R. 481, 483 (Bankr. S.D. Tex. 1992) (authorizing contract counterparty to recover interest arising from debtor's default even where contract did not provide for interest). Because the Debtor has not properly disclosed its agreements with SEI, the Debtor has not fulfilled its burden to provide compensation for SEI's actual pecuniary loss as required by 11 U.S.C. § 365(b)(1)(B).

3. The Debtor Has Failed to Fulfill Its Burden to Provide Adequate Assurance of Future Performance to SEI as Required by 11 U.S.C. § 365(b)(1)(C) and § 365(f)(2)(B).

Finally, the Debtor has failed to fulfill his burden to provide SEI with adequate assurance of future performance under 11 U.S.C. § 365(b)(1)(C) (for agreements in default) and § 365(f)(2)(B) (for all agreements proposed to be assigned, including any agreements that are not

in default). The Fifth Circuit Court of Appeals has interpreted the phrase "adequate assurance of future performance" as follows:

> Section 2-609 of the Uniform Commercial Code, from which the bankruptcy statute borrows its critical language, provides that "when reasonable grounds for insecurity arise with respect to the performance of either party, the other may in writing demand adequate assurance of future performance . . . ." The Commentaries to the Code note that "'adequate' assurance is to be 'defined by commercial rather than legal standards.'". What constitutes "adequate assurance" is to be determined by factual conditions; the seller must exercise good faith and observe commercial standards; his satisfaction must be based upon reason and must not be arbitrary and capricious.

*Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309-10 (5th Cir. 1985) (internal citations omitted).

In the Plan, the Debtor appears to be attempting to preserve the right to assign any of the SEI Assumed Contracts to unidentified third parties in pertinent part as follows:

> **Any party that fails to timely object to the assumption or assumption and assignment of its Executory Contract or Unexpired Lease (including the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" under such Executory Contract or Unexpired Lease within the meaning of section 365 of the Bankruptcy Code) or the amount of the Cure Claim listed on the Assumed Contracts Schedule, shall be (i) deemed to have consented to the assumption or assumption and assignment of its Executory Contract or Unexpired Lease and to such Cure Claim …**

Plan, p. 73 (emphasis in original).

Because the Debtor has not even identified (much less provided financial and operational information regarding) any potential assignee, the Debtor has failed to fulfill its burden to provide adequate assurance of future performance to SEI under 11 U.S.C. § 365(b)(1)(C) and § 365(f)(2)(B).[5]

---

[5] SEI's review of its business records is ongoing, and reserves the right to amend or supplement this SEI Preliminary Objection as additional information becomes available.

Thus, the Debtor has failed to fulfill its burden to provide: (a) the curing of all defaults owed to SEI as required by 11 U.S.C. § 365(b)(1)(A); (b) compensation to SEI for actual pecuniary loss resulting from such defaults as required by 11 U.S.C. § 365(b)(1)(B); and (c) adequate assurance of future performance owed to SEI as required by 11 U.S.C. § 365(b)(1)(C) and 11 U.S.C. § 365(f)(2)(B). Therefore, SEI asks the Court to deny confirmation of the Plan because the Debtor has failed to fulfill its obligation to ensure that SEI receives the benefit of its bargain under its agreements with the Debtor.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

[SIGNATURE PAGE TO FOLLOW]

## IV. CONCLUSION

WHEREFORE, SEI requests that the Court deny confirmation of the Plan, and grant SEI such other and further relief as the Court deems appropriate.[6]

Dated: October 28, 2022

Respectfully submitted,

SIEMENS ENERGY, INC.

/s/ *Joseph S. Sheerin*
Joseph S. Sheerin, Esq. (admitted *pro hac vice*)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
Email: jsheerin@mcguirewoods.com

---

[6] SEI reserves the right to assert at any hearing(s) on the Plan any and all other objections raised by other parties to the extent such objections are applicable to SEI.

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC. | ) | Case No. 21-30725 |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of October, 2022, I caused a true and correct copy of the foregoing objection to be served via ECF e-mail to all parties receiving electronic transmission in the above-captioned bankruptcy case.

Dated: October 28, 2022

/s/  *Joseph S. Sheerin*

9