United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | Chapter 11 |
| | § | |
| Reorganized Debtor.[1] | § | |

**FINAL DECREE CLOSING THE CHAPTER 11 CASE**
[Relates to Dkt. No. 2781]

Upon the motion (the "Motion")[2] of the above-captioned Reorganized Debtor for entry of a Final Decree pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the chapter 11 case; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Reorganized Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Reorganized Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

[2] Capitalized terms used and not defined herein have the meanings ascribed to them in the Motion.

the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Chapter 11 Case is hereby closed, provided that this Court shall retain jurisdiction as provided in the Plan, Confirmation Order, and this Final Decree.

2. No later than fourteen days after the date of entry of the Final Decree, the Reorganized Debtor (i) shall file a post-confirmation report for the second quarter of 2023 through the date of entry of the Final Decree and serve a true and correct copy of said report on the U.S. Trustee, and (ii) shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B), which shall be transmitted with a "Chapter 11 Quarterly Disbursement and Fee Report."

3. This Court shall retain jurisdiction to enforce payment of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

4. The claims and noticing services (the "Claims and Noticing Services") provided by Stretto for this case pursuant to the *Order Authorizing the Retention and Appointment of Stretto as Claims, Noticing, and Solicitation Agent* [Dkt. No. 35] are terminated, and Stretto shall have no further obligations to this Court, the Reorganized Debtor, or any other party in interest with respect to the Claims and Noticing Services in this case.

5. The Reorganized Debtor and its agents are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

6. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon the earlier of its entry and June 30, 2023.

7. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtor or any party in interest to seek to reopen this case for cause pursuant to section 350(b) of the Bankruptcy Code, (b) the rights of the Reorganized Debtor to dispute, in an appropriate non-bankruptcy forum, all claims that were filed against the Reorganized Debtor in this case as contemplated by the Plan and the Confirmation Order, and (c) the rights of the Reorganized Debtor to file any motions seeking to enforce the Plan and/or Confirmation Order.

8. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against the Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise had this Final Decree not been entered.

9. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Decree.

**Signed: June 26, 2023.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE